BLESSING, *Plaintiff in Error*, v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

**Master and Servant:** RAILROAD: NEGLIGENCE. In an action against a railroad company to recover for the death of a locomotive engineer killed while on duty, through the negligence of the train dispatcher, the plaintiff failed to show that the train dispatcher and the engineer were not fellow servants. *Held*, that for this omission the plaintiff was properly non-suited.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*A. R. Taylor* for plaintiff in error.

*Wells H. Blodgett* and *Prosser Ray* for defendant in error.

HENRY, J.—This is an action by which plaintiff seeks to recover the statutory penalty of $5,000 for the death of her husband, Chas. W. Blessing, which occurred under the following circumstances :

Blessing was an engineer in the employment of defendant, and, on the morning of the 28th of November, 1877, left Moberly in charge of his engine with a train of which one Austin was conductor. West of Moberly, at coal mine No. 2, they passed a work train under the charge of one Johnson. At mine No. 2 there were side-tracks, but there was no telegraphic communication between mine No. 2 and Kansas City, the western terminus of defendant's road, or Moberly, or any other station on the road, which fact was known to Blessing. Austin's train went to Brunswick, forty miles west of Moberly, and at three o'clock that same afternoon, Austin and Blessing started back to Moberly on another train, an extra. Before reaching Huntsville, a station six miles west of Moberly, and two miles west of mine No. 2, they received an order from the train dispatcher at Kansas City to run to Moberly, avoiding regular trains, and to look out for Johnson between mine No. 2 and Huntsville. They arrived at Huntsville, and after whistling as many as twenty times to notify Johnson, they pulled out for Moberly, and when going around a curve, between Huntsville and mine No. 2, without sending flagmen ahead or taking any other precaution to avoid a collision with Johnson's train, except to run their train at a slow rate of speed, six miles an hour, the trains collided with each other about 5:40 o'clock p. m., and Blessing was killed.

Johnson testified that he had no orders in regard to this extra train, and that he should have been notified of it; that his waiting orders were between Huntsville and

mine No. 2, avoiding regular trains, flagging against two extras going west; that he was running at a speed of twenty miles an hour, when he was apprised of the approach of Austin and Blessing's train by sparks from the smoke stack; that he whistled for brakes, had the tender brake set, reversed the engine full stroke, and threw the throttle wide open, and that his engine was running at a speed of ten miles an hour when the collision occurred.

The court gave an instruction to the effect that on the evidence plaintiff could not recover, and that presents the only question for consideration.

Evidently the injury to plaintiff was mainly, if not entirely, occasioned by the neglect of the train dispatcher at Kansas City to notify Johnson of Austin's extra train, if such was his duty. If it was his duty, Austin and Blessing had a right to act on the supposition that such notice had been given, and would not be held to the same care as if they had known it had not been given, or that no such duty rested upon the train dispatcher. If Johnson had known that Austin's train was coming east, and had run as cautiously as Blessing was running, six miles an hour, the collision would not have occurred, if he had used the same precautions to avoid it which he did employ when he discovered Austin's train. He could, and probably would have discovered the approach of that train at the same point as when running twenty miles an hour, and it is in proof, that after he discovered Austin's train, he reduced the speed of his train from twenty to ten miles an hour.

Whether Austin and Blessing were prudently running their train, is to be determined from all the facts and circumstances of the case, and inasmuch as we cannot, on the evidence, say they were not managing their train prudently, there would have been error in the instruction given, but for another question involved. If the death of Blessing was occasioned by the neglect or carelessness of a fellow servant, the defendant is not liable; and in *McGowan v. St. L. & I. M. R. R. Co.*, 61 Mo. 528, this court,

HOUGH, J., delivering the opinion, said : "*Prima facie*, all servants of a common master employed in running, operating and rendering service with a train of cars, are fellow servants." The train dispatcher, it seems from the meager evidence on the subject, preserved by the bill of exceptions, controls the movements of trains, and the conductor has far less discretion than he as to when he shall start, where he shall stop, and how he shall run his train. It was observed in the case of *McGowan v. R. R. Co.*, *supra*, that "if there are facts which show that this relation (that of fellow servant) does not really exist between all of such servants, the burden of showing such facts is on him who seeks to avail himself of the absence or non-existence of such relation." No such testimony was offered on the trial of this cause, and the failure on the part of the plaintiff, by testimony, to show that Blessing and the train dispatcher were not fellow servants warranted the instruction given by the court, and for that reason the judgment is affirmed. All concur.