MARTIN MORAN, Respondent, v. SAMUEL S. BROWN, Appellant.

### St. Louis Court of Appeals, October 25, 1887.

1. MASTER AND SERVANT—NEGLIGENCE.—A master is not liable for an injury caused by the servant's unauthorized use of an inappropriate tool, especially where the master has furnished proper tools for the work.

2. ——— FELLOW-SERVANT.—A servant can not recover from his master damages for injuries caused by the negligence of a fellow servant.

APPEAL from the St. Louis Circuit Court, Daniel DILLON, Judge.

*Reversed.*

H. A. CLOVER, for the appellant: The servant takes the risk of the negligence, recklessness, or misconduct of his fellow-servant, the use of the material and implements furnished, and their failure from latent defects not revealed by practical tests, and from deterioration by the usual wear and tear. *Laning v. Railroad,* 49 N. Y. 521; 2 Thompson on Negligence, 940; *Warner v. Railroad,* 39 N. Y. 469. Where the plaintiff's evidence is equally consistent with the absence as with the existence of negligence in the defendant, the court will not be justified in leaving the case to the jury. *Cotton v. Wood,* 8 C. B. (N. S.) 568; *Allen v. New Gas*

*Co.*, 1 Exch. Div. 254; *Bartonshill Coal Co. v. Reid*, 4 Jur. (N. S.) 767; *Lovegrove v. Railroad*, 16 C. B. (N. S.) 692; s. c. 33 L. J. C. P. 329; *Feltham v. England*, L. R. 2 Q. B. 33.

A. R. Taylor, for the respondent: It is the duty of the master to inspect the implement from time to time to ascertain its condition of repair, and, although the servant may have equal means of discovering a defect as the master, yet if he does not so discover the defect, and the master could do so by the exercise of ordinary care, the injured servant has redress. *Dedrick v. Railroad*, 21 Mo. App. 436; *Porter v. Railroad*, 71 Mo. 79; s. c. 60 Mo. 162, followed and approved in *Waldhier v. Railroad*, 87 Mo. 48. The inquiry in all such cases is, was the servant seeking to serve his master, to carry out his purpose? If he was, the master is responsible not only for his negligent acts, but even for his wanton act to accomplish his master's purpose in an unlawful manner. *Howe v. Newark*, 12 Allen, 49; *Garretzen v. Duenckel*, 50 Mo. 104; *Schmidt v. Adams*, 18 Mo. App. 435 But suppose it be urged, as it is in the appellant's brief, that the servant was negligent in the use of the axe, and that such negligent use of the axe contributed to cause the injury, yet this state of facts does not defeat the plaintiff's recovery, for it is well settled that, if the master's negligence and a fellow-servant's negligence jointly cause the injury to the servant, the master is liable. *McMahan v. Henning*, 3 Fed. Rep. 353, and cases cited.

Thompson, J., delivered the opinion of the court.

This is an action for damages for negligence. The negligence stated in the petition is, that the plaintiff, while at work as an employe of the defendant, was injured in consequence of the breaking of the helve of an axe in the hands of another servant of the defendant, the helve being in a defective and rotten condition,

which fact was known to the defendant, or might have been discovered by him by the exercise of ordinary care. It is thus seen that the negligence upon which the action is predicated is the failure of the defendant to exercise reasonable care in providing an axe with a safe and good helve, instead of providing one with a rotten and defective one.

The plaintiff's evidence tended to show that the plaintiff, at the time of the accident, was working for the defendant as a coal-heaver; that coal was being transferred by means of a car upon a railway, the rails of which were made of iron; that one McNeely, another servant of the defendant, conceiving that one of the rails of the railway was out of place, went to the tool-chest and got the axe for the purpose of driving the rail back; that he struck the rail four or five powerful blows with the axe, when the helve broke and the head of the axe flew and struck the plaintiff (he not being guilty of any contributory fault), inflicting upon him a grievous physical injury. The case was submitted to a jury, who returned a verdict in favor of the plaintiff for the sum of eighteen hundred dollars damages. This award of damages is not complained of as excessive; the plaintiff is undoubtedly entitled to much sympathy.

But we discover in the record no evidence of negligence on the part of the defendant, such as, in the state of the law, authorized the court to submit the case to the jury.

I. There is no evidence in the record that the plaintiff's fellow-servant, McNeely, was, at the time, or ever had been, authorized or required to drive the iron rail in its fastening, as he was doing at the time of the accident. The act which he was performing appears to have been in a sense gratuitous on his part; but, as it was undertaken by him within the general scope of his employment, and in the supposed furtherance of his master's business, the circumstance that he was not ordered to do it is not controlling. It can not be doubted that, if the

plaintiff had been a stranger to him, instead of a fellow-servant, the defendant would have been liable for his negligence, on the principle of *respondeat superior*. *Garretzen v. Duenckel*, 50 Mo. 104.

II. Although the evidence adduced by the plaintiff tended to show that the helve of the axe was rotten, yet we discover no evidence tending to show that the axe had been furnished by the defendant for the use to which it was put by McNeely at the time of the accident, or for any similar use. An axe is a tool in common and familiar use, and it is a matter of common knowledge, which may, therefore, be judicially known, that an axe of the ordinary size, such as this appears from uncontradicted evidence to have been, is not properly used for the purposes for which a heavy sledge is the appropriate tool. The defendant had provided a sledge for work of this kind, and McNeely gives no better reason in his testimony for failing to use it instead of the axe, than that he was in a hurry, and it was heavier to carry than the axe. A master is undoubtedly liable to a servant for failing to exercise reasonable care in providing tools which are safe and suitable for the purposes for which the tools are intended, and for the uses which the master commands, or expects the servant to make of them. But a master is not liable for furnishing a tool which is not safe or suitable for some use which is not appropriate to the tool itself, and which the master has never, directly or impliedly, authorized his servant to make of it. If a servant, in putting a tool to such an inappropriate and unauthorized use, subjects it to a strain beyond its capacity, and it breaks, and another servant is thereby injured, the injury will be imputable to the negligence of the servant in thus misusing the tool, and not to the negligence of the master; and this although the tool may have been defective.

III. We discover no evidence in the record that the defect in the axe-helve, to which one witness for the plaintiff testifies, was of such a character that it would

have been discovered by an ordinary inspection. One witness for the plaintiff testified that after the handle was broken, the wood at the place of fracture appeared to be rotten, but there was no evidence of any appearance of rottenness in the wood, elsewhere than on the fractured surfaces, no evidence other than that the helve was of a dark color. This would be no evidence of rottenness, especially in an axe used in connection with the operation of appliances for handling coal; the dark stains on an axe-helve would rather tend to conceal the real character of the grain of the wood than otherwise. On the contrary, McNeely, who was called as a witness for the plaintiff, testified that he could not see any defect in the axe, at the time that he took it for the purpose which resulted in the accident. It is scarcely necessary to say that the testimony which the plaintiff was allowed to give, that, subsequently to the accident, the defendant's superintendent had admitted to him that the helve of the axe was rotten, was not evidence. It was in the nature of an historical declaration, made by an agent subsequent to the transaction. The agent does not appear to have been authorized by the defendant to make any such admission, and even if he made any such admission, which he denies in his testimony, it is not competent testimony to charge the defendant; and, though admitted without objection, it can not be considered as evidence in determining whether the case ought to have been submitted to the jury, since the law ascribes to it no probative force.

Looking over the whole record, then, we do not discover any evidence tending to show that the defendant, or any person standing toward others in the relation of the defendant's vice-principal, failed to do anything by which this accident might have been prevented, which a man of ordinary prudence, in like circumstances, would have done. On the contrary, the evidence shows that the injury which the plaintiff has sustained was pro-

duced by the negligence of a fellow-servant, for which the law gives no right of action against the master.

It does not appear that the purposes of justice would be subserved by remanding the cause, and, therefore, the judgment will be reversed merely. It is so ordered, with the concurrence of all the judges.