J. W. WELDON, Respondent, v. OMAHA, KANSAS CITY & EASTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 7, 1902.

1. **Master and Servant:** SAFE APPLIANCES: DELEGATING DUTY: SCIENTER. The master must furnish reasonably safe machinery and keep it in repair and he can not escape this duty by delegating it to a servant; but if delegated, the servant's knowledge and negligence become the master's.

2. ———: ———: CONTRIBUTORY NEGLIGENCE: QUITTING SERVICE. The servant may rely on the superior knowledge of the master and need not quit the service rather than work with defective appliances so long as the master knowingly furnishes them, and their defective  character does not render them so glaringly dangerous that a man of ordinary prudence would not use them.

3. ———: INSTRUCTIONS: ASSUMING FACT. Instructions assuming the master's knowledge of defects in the appliances furnished are not reversible error when all the  evidence shows such knowledge.

4. ———: EVIDENCE: HARMLESS ERROR. Testimony relating to an admission of a foreman in regard to a defect in a handcar is held harmless since there was ample evidence without it.

5. ———: CONDITION OF CAR BEFORE AND AFTER ACCIDENT. Testimony in regard to the condition of a handcar immediately after an accident which tends to show its condition before is admissible.

6. ———: DAMAGES: MEASURE OF: EVIDENCE. A verdict for four thousand dollars, though large, fails on the evidence to show passion on the part of the jury.

Appeal from Sullivan Circuit Court.—*Hon. Jno. P. Butler,* Judge. ·

AFFIRMED.

*Hall & Hall* and *J. G. Trimble* for appellants.

(1)   The defective and dangerous condition of the handcar were patent and such as the plaintiff would have discovered if he had been ordinarily observant, in using it, and he was therefore chargeable with knowledge of its condition and he can not recover for injuries caused thereby.   Marshall v. Hay Press Co., 69 Mo. App. 256.   (2)   But the plaintiff was not only chargeable with knowledge of the defective and dangerous condition of the handcar, but according to his own testimony he actually knew that it was defective and dangerous and that injury would likely result therefrom, and yet continued to use the car.   He therefore voluntarily assumed the additional risk of the employment and can not recover. Flynn v. Bridge Co., 42 Mo. App. 529; Marshall v. Hay Press Co., 69 Mo. App. 256; Devitt v. Railroad, 50 Mo. 302; Watson v. Kansas & Texas Coal Co., 52 Mo. App. 366; Covey v. Railroad, 86 Mo. 635; Steinhauser v. Spraul, 127 Mo. 541; Halloran v. Foundry Co., 133 Mo. 470; Bradley v. Railroad, 138 Mo. 293; Epperson v. Postal Tel. Cable Co., 155 Mo. 346. (3)   The condition of the handcar and the dangers in using it were as well known to plaintiff as to defendants, or better known, and he therefore assumed the risk and can not recover. Watson v. Coal Co., 52 Mo. App. 366; Berning v. Medart, 56 Mo. App. 443; Fugler v. Bothe, 117 Mo. 475; Epperson v. Cable Co., 155 Mo. 346; Junior v. Power Co., 127 Mo. 79; Roberts v. Tel. Co., 66 S. W. 155; Harriman v. Kansas City Star Co., 81 Mo. App. 124; Compton v. Railroad, 82 Mo. App. 175; Doyle v. M. K. & T. Trust Co., 140 Mo. 1; Epperson v. Postal Tel. Cable Co., 155 Mo. 346.   (4)   The

court erred in admitting, over defendant's objections and exceptions, the testimony of plaintiff's witness Jeffries, as to what the "straw boss" Brown told him about the boxing being gone and that the car was dangerous. There was no evidence when this was, nor that Brown represented the defendants. McGowan v. Railroad, 61 Mo. 528, 532; Harriman v. Kansas City Star Co., 81 Mo. App. 124. (5) The court erred in admitting the testimony of plaintiff's witness Furlong, as to the condition of the car after the accident. Stalzer v. Dold Packing Co., 84 Mo. App. 565; Hipsley v. Railroad, 88 Mo. 348; Brennen v. City of St. Louis, 92 Mo. 482; Alcorn v. Railroad, 108 Mo. 81; Mahaney v. Railroad, 108 Mo. 191. (6) Plaintiff's instructions are fatally defective, for they nowhere require the jury to find from the evidence that the defendants knew of the defective condition of the handcar, or that by the exercise of ordinary care they might have known of its condition, but in effect they require the jury to wholly ignore and disregard this vital and essential fact. Flynn v. Union Bridge Co., 42 Mo. App. 529; Birtwhistle v. Woodward, 95 Mo. 112; Goetz v. Railroad, 50 Mo. 472; Covey v. Railroad, 86 Mo. 635; Dahlstrom v. Railroad, 96 Mo. 99; O'Mellia v. Railroad, 115 Mo. 205; Siela v. Railroad, 82 Mo. 435. (7) The verdict is clearly excessive and the result of passion, prejudice or sympathy on the part of the jury. Friesz v. Fallon, 24 Mo. App. 439; Empey v. Cable Co., 45 Mo. App. 422; Gurley v. Railroad, 104 Mo. 211, 233; Bertram v. Railroad, 154 Mo. 639.

*Harber & Knight.* for respondent.

(1) Mere knowledge of the defective and unsafe condition of appliances furnished, and that risk is to be incurred in the use thereof, is not, as a matter of law, sufficient to defeat a recovery. Pauck v. St. Louis Beef and Provision Co., 159 Mo. 467; Hamman v. Central Coal & Coke Co., 156 Mo. 232;

Compton v. Railroad, 82 Mo. App. 175; Sims v. Railroad, 89 Mo. App. 197; Thompson v. Railroad, 86 Mo. App. 141; Smith v. Coal Co., 75 Mo. App. 177; Huhn v. Railroad, 92 Mo. 440; Steinhauser v. Spraul, 114 Mo. 551; Soeder v. Railroad, 100 Mo. 673; Benham v. Taylor, 66 Mo. App. 308; Warner v. Railroad, 62 Mo. App. 184; Conroy v. Iron Works, 62 Mo. 35; Porter v. Railroad, 71 Mo. 66; Shortel v. City of St. Joseph, 104 Mo. 114; Hamilton v. Mining Co., 108 Mo. 364; Mahaney v. Railroad, 108 Mo. 191; Swadley v. Railroad, 118 Mo. 268; Settle v. Railroad, 127 Mo. 336; Rodney v. Railroad, 127 Mo. 676; Higgins v. Railroad, 43 Mo. App. 547; Hughes v. Fagin, 46 Mo. App. 37; O'Mellia v. Railroad, 115 Mo. 205; Schroeder v. Railroad, 108 Mo. 322; Malone v. Morton, 84 Mo. 436; Stephens v. Railroad, 86 Mo. 221; Stephens v. Railroad, 96 Mo. 207; Moore v. St. Louis Wire Co., 55 Mo. App. 491; Coontz v. Railroad, 115 Mo. 669; Foster v. Railroad, 115 Mo. 165; Murphy v. Railroad, 115 Mo. 111; Muirhead v. Railroad, 103 Mo. 251; Tabler v. Railroad, 93 Mo. 79; 2 Thompson on Negligence, 75; Dixon v. Railroad, 109 Mo. 413; Thorpe v. Railroad, 89 Mo. 650; Flynn v. Bridge Co., 42 Mo. App. 529; Wendler v. People's House Fur. Co., 65 S. W. 737. (2) The wholesome and humane rule is that the master must have regard for his employee and furnish reasonably safe and suitable appliances, and further that the employee is not deemed to accept the risk of injury from the unfitness of the machinery or appliances furnished unless the dangers incident to their use is so glaring and palpable that no prudent man would remain in the service. Shortel v. City of St. Joseph, 104 Mo. 114; Mahaney v. Railroad, 108 Mo. 191; O'Mellia v. Railroad, 115 Mo. 205; Warren v. Railroad, 62 Mo. App. 184; Smith v. Coal Co., 75 Mo. App. 177; Wray v. Light and Water Co., 68 Mo. App. 380; Sullivan v. Railroad, 107 Mo. 66; Stienhauser v. Spraul, 114 Mo. 551; Jones v. Packet Company, 43 Mo. App. 398; Benham v. Taylor, 66 Mo. App. 308;

McGowan v. Railroad, 61 Mo. 528; Muirhead v. Railroad, 103 Mo. 251; Smith v. Coal Co., supra; Hamman v. Coal Co., supra; Wendler v. House Furnishing Co., supra. (3) Also the duty to supply a reasonably safe place, and reasonably safe appliances "is a continuing duty of the master and a neglect of it is negligence. On entering the employment the servant does not assume the risk of dangers arising from its neglect." Settle v. Railroad, 127 Mo. 343; Wendler v. House Furnishing Co., supra; Railroad v. Spangler, 44 Ohio St. 471; Blanton v. Dold, 109 Mo. 75; Roesner v. Herman, 10 Besell 486; Railroad v. Eubanks, 48 Ark. 460; Hessonger v. Railroad, 91 Ala. 514; Settle v. Railroad, 127 Mo. 343; Gibson v. Railroad, 46 Mo. 163; Huhn v. Railroad, 92 Mo. 447; Soeder v. Railroad, 100 Mo. 681. (4) The contention of appellant to the effect that plaintiff's first instruction is fatally defective in that it ignores the question of plaintiff's knowledge of the dangerous condition of the handcar, is not well taken for the reason that it is not essential that any one instruction should embody the whole law of the case, but it is only necessary that all the instructions taken together should do so. Owens v. Railroad, 95 Mo. 169; Shaw v. M. & K. Dairy Co., 56 Mo. App. 521; Hughes v. Railroad, 127 Mo. 447; Mead v. Railroad, 68 Mo. App. 92, and cases cited; Deweese v. The Meramec Co., 54 Mo. App. 476, affirmed in Deweese v. The Meramec Co., 128 Mo. 423; Reilly v. Railroad, 94 Mo. 600; State v. Mathews, 98 Mo. 125; Distilling Co. v. Creath, 45 Mo. App. 169; Sims v. Railroad, 89 Mo. App. 197; Thompson v. Railroad, 86 Mo. App. 141. (5) Beside, if the instructions given on this question were not as full as defendant desired, they should have asked others amplifying such issue, which they did not do. Tyler v. Larimore, 19 Mo. App. 445; Tetherow v. Railroad, 98 Mo. 74; Mitchell v. Bradstreet, 116 Mo. 226; Coleman v. Drane, 116 Mo. 387; Nolan v. Jones et al., 126 Mo. 159; Haymaker v. Adams, 61 Mo. App. 581; Hyde v. St. Louis Book & News Co., 32 Mo. App.

298; Goss v. Railroad, 50 Mo. App. 614; Bowen v. Railroad, 95 Mo. 268; Steinhauser v. Spraul, 114 Mo. 551; Berning v. Medart, 56 Mo. App. 443; Higgins v. Railroad, 43 Mo. App. 547; Hamilton v. Mining Co., 108 Mo. 364; Covey v. Railroad, 86 Mo. 635; Alcorn v. Railroad, 108 Mo. 81; Herdler v. Stove & Range Company, 136 Mo. 3; Bender v. Railroad, 137 Mo. 240; Gutridge v. Railroad, 105 Mo. 520; Warner v. Railroad, 62 Mo. App. 184; Fogus v. Railroad, 50 Mo. App. 250; Goins v. Railroad, 37 Mo. App. 221; Sims v. Railroad, 89 Mo. App. 197; Thompson v. Railroad, 86 Mo. App. 141; Fisher v. Central Lead Co., 156 Mo. 479.

ELLISON, J.—This is an action for damages arising from personal injury received by plaintiff, an employee of defendant, while riding, with other employees, on one of defendant's handcars. The judgment in the trial court was for plaintiff in the sum of $4,000.

The accident happened by reason of a defect in the car which caused it to "jump the track." Since the verdict was for plaintiff we will state as facts what the evidence in plaintiff's behalf tends to prove them to be: Plaintiff and several other employees were engaged under the immediate direction and control of a foreman named Bosely and one Brown, who acted in Bosely's place during the latter's absence and who was called by the men, the "straw boss." The defect in the car consisted of the boxing in the wheel being in bad condition, one being out, and the car being otherwise worn. It was old and somewhat shaky and was hard to run. The defective boxing would not be observed except by a special examination. The foremen had each been notified by plaintiff and others that the car was not in proper condition. They replied that all it needed was more effort on the part of those propelling it. They took no steps to have the defects repaired and permitted the men, including plaintiff, to continue its use.

Vol 93, app—43.

Plaintiff had heard the car complained of frequently by his fellow-laborers. And in his deposition taken by defendant before the trial, he stated that he had said to the foreman, in response to the latter's complaint of his being late getting in with it, that, "the old car is no good." The foreman replied that the boys operating it were a "set of drones," and "if they would put a little elbow grease on, the car would be better; that the car would be all right if they would pump it." He frequently told the men that the car was "all right." Plaintiff further stated that he never gave the car any special examination and that he thought he could continue to use it by exercising the usual care.

The evidence in behalf of the defendant consisted (aside from the extent of the injury) in the deposition of plaintiff taken at its instance and a deposition of a fellow-laborer of plaintiff's taken by plaintiff, but not used by him at the trial. Neither the foreman nor the "straw boss" was introduced. Indeed, there was no evidence to contradict the case made by plaintiff as to the defective condition of the car. Taking the evidence in the cause, it undoubtedly made a case for the plaintiff. The law is that it is one of the master's duties to furnish the servant with reasonably safe machinery and appliances with which to work (in the present instance a handcar) and that the master must keep such machinery and appliances in repair. He can not escape such duty by delegating it to some other servant. For when he delegates a duty of his own to a servant, the latter becomes his *alter ego* and such servant's knowledge and neglect is the knowledge and neglect of the master. Zellars v. Mo. Water Co., 92 Mo. App. 107; Wendler v. House Fur. Co., 165 Mo. 527.

In the present instance the two foremen acting for the master are shown, not only to have known of the car being out of repair, but they directed its continued use, without any effort to remedy defects, or to have them remedied in the proper department. In such state of case, the only thing to prevent

a liability to plaintiff would be his knowledge of the defect, and that the danger therefrom was so obvious and glaring that a reasonably prudent and careful person would refuse to use the car. The evidence was that it took an examination to note the principal defect, and that plaintiff thought he could continue to use it. While plaintiff stated fully matters going to show that he knew the car was out of condition, it is evident from what he said that he did not consider it in such condition that it could not be used without great peril. The master and servant are not on equal footing; the latter may rely on the superior knowledge of the former in regard to the safety of appliances. He need not quit the service rather than work with defective appliances so long as the master knowingly furnishes them for his use and their defective character does not render them so glaringly dangerous as that a man of ordinary prudence would not use them. Blanton v. Dold, 109 Mo. 75; Huhn v. Railroad, 92 Mo. 447; Soeder v. Railroad, 100 Mo. 681; Settle v. Railroad, 127 Mo. 339; Wendler v. House Fur. Co., 165 Mo. 527.

The objections to the instructions are without substantial merit. In point of fact, there was no defense presented by the evidence save that plaintiff knew the car was defective and that the defects were so glaringly and obviously dangerous as should have caused him to refuse to use it. This issue was clearly and pointedly placed before the jury by the instructions for plaintiff taken together. The jury could not possibly have misunderstood that phase of the case.

The objection that defendant's knowledge of the defects was assumed in instructions is not reversible error, since all the evidence shows it did know of them. There was no effort to contradict or controvert that point. In such instance it is not reversible error if an instruction assumes it. The instructions, taken as a whole, in the state of the evidence, properly covered the case.

The objection made to the testimony of witness Jeffries

is not important or of substantial moment. It related to an admission by one of the foremen as to the defect in the car. This point was so overwhelmingly proven, and being uncontroverted, the evidence, conceding it to be improper under ordinary circumstances was not harmful, and its being received was not reversible error.

The condition of the car as it was found immediately after the accident, was shown by witness Furlong. His testimony was such that it tended to establish its condition before the accident and it was therefore proper.

The authorities on the general subject of the law in relation to master and servant have been collected by the respective counsel and will be found in their briefs. We have not discussed these in detail, for the reason that in the condition of the evidence it could serve no useful purpose.

The evidence as to the extent of plaintiff's injuries bears directly on the amount he should recover. If that offered by plaintiff is to be believed, he should be allowed a substantial sum. What that sum should be is a question solely for the jury; limited, of course, within reasonable bounds. If we were convinced that the amount allowed was so far beyond what the evidence justified as to show passion, hatred or prejudice, we would not hesitate to direct a remittitur. But while we would have been better satisfied with a less sum, yet we do not feel that that condition of case is presented which would justify our interference with the jury, especially since the amount has received the sanction of the learned judge who presided at the trial. We will therefore affirm the judgment. All concur.