JAMES M. ADAMS, Respondent, v. McCORMICK
.HARVESTING MACHINE COMPANY, Appel-
lant.

Kansas City Court of Appeals, March 27, 1905.

1. **MASTER AND SERVANT:** Pleading: Petition: Negligent Fel-
low-Servant. Whatever the rule in other jurisdictions, in Mis-
souri it is sufficient if a petition by a servant for the negligence
of the master alleged the defect was known to the latter with-
out being known to the former; and though a petition allege
that plaintiff was aware of the incompetency of his fellow-
servant and had notified the master thereof, yet the fact would
not preclude a recovery unless the danger was so apparent
that a reasonably prudent person would not have continued in
the service; and such matters are affirmative defenses to be
pleaded, and the petition considered in the opinion is held suf-
ficient.

2. ————: Negligent Fellow-Servant: Presumption:   Instruction.
Where a servant knows that a certain platform about which he
is to work had been placed in position by a negligent fellow-
servant, it is error to tell the jury that he had a right to pre-
sume that the platform had been properly placed, since it is
equivalent to instructing them to find for plaintiff on the piv-
otal point in the case.

3. ————: ————: ————: ————. While it is presumed that
everyone exercises ordinary care, yet, where there is evidence
tending to remove the presumption, reference to such presump-
tion in an instruction is usually to be avoided.

4. ————: ————: ————: Evidence: Jury. Evidence is reviewed
and held sufficient to send to the jury the question of
plaintiff's contributory negligence in working about the plat-
form which he knew to have been placed in position by a neg-
ligent fellow-servant without looking to see whether the same
was securely placed.

Appeal from Jackson Circuit Court.—*Hon. W. B.
Teasdale,* Judge.

REVERSED AND REMANDED.

*Gilmore & Brown* for appellant.

(1)   Under the pleadings and the evidence plaintiff is not entitled to recover against defendant. Carter v. Baldwin,—Mo. App. 59, 81 S. W. 204; Browning v. Kasten, 107 Mo. App. 59, 80 S. W. 354; Beymer v. Packing Co., 106 Mo. App. 726, 80 S. W. 685; Hester v. Packing Co., 95 Mo. App. 16; Price v. Railroad, 77 Mo. 508; Epperson v. Tel. Co., 155 Mo. 346; Steinhauser v. Spraul, 127 Mo. 541; Fulger v. Boethe, 117 Mo. 475; Condon v. Railroad, 78 Mo. 567; Watson v. Coal Co., 52 Mo. App. 366; Marshall v. Press Co., 69 Mo. App. 256; McDermott v. Railroad, 87 Mo. 285; Coontz v. Railroad, 115 Mo. 669; Warmington v. Railroad, 46 Mo. App. 159; Dale v. Railroad, 63 Mo. 455; Waldhier v. Railroad, 87 Mo. 37; Delvin v. Railroad, 87 Mo. 545; Sullivan v. Railroad, 107 Mo. 66; Smith v. Railroad, 69 Mo. 32; Aldridge v. Railroad, 71 Mo. 164; Donahoe v. Kansas City, 136 Mo. 657.   (2)   The opinion in the former appeal that plaintiff was entitled to go to the jury is not *res adjudicata* upon this appeal.   Rutledge v. Railroad, 123 Mo. 121; Hamilton v. Marks, 63 Mo. 167; Bird v. Sellers, 122 Mo. 23; Bealey v. Smith, 158 Mo. 515; Mfg. Co. v. Troll, 77 Mo. App. 339; Leeser v. Boekhoff, 38 Mo. App. 445; Baker v. Railroad, 147 Mo. 140.   (3)   Plaintiff's petition does not state a cause of action and for that reason defendant's objection to the instruction of any testimony should have been sustained.   Railroad v. Stupak, 108 Ind. 1; Malm v. Thelin, 47 Neb. 686; Coal Co. v. Norman, 49 Ohio St. 598; Railroad v. Doyle, 49 Texas 190; Stephenson v. Duncan, 73 Wis. 404; Bogenschutz v. Smith, 84 Ky. 330; 13 Ency. Pl. and Pr., 904, 906.   (4)   The question of the sufficiency of the petition is rightfully before this court. Lampert v. Gas Light Co., 14 Mo. App. 376; Railroad v. Swan, 120 Mo. 30.   (5)   The court committed reversible error in giving an instruction on behalf of plaintiff to the effect that plaintiff had a right to presume that

Williams did his work properly. Adams v. Machine Co., 95 Mo. App. 111; Moberly v. Railroad, 98 Mo. 183; Lynch v. Railroad, 120 Mo. 420; Weller v. Railroad, 120 Mo. 635; Payne v. Railroad, 129 Mo. 405. (6) The court should have instructed the jury at defendant's request that if plaintiff knew the danger of working with Williams he assumed the risk of such danger by continuing in the employment. Flynn v. Bridge Co., 42 Mo. App. 529; Marshall v. Press Co., 69 Mo. App. 256; Watson v. Coal Co., 52 Mo. App. 366; Doyle v. Trust Co., 140 Mo. 1.

*Lawrence & Lawrence* and *John Burgin* for respondent.

(1) Under points I and II, appellant's brief, appellant again for the second time in this court contends that the trial court should have sustained the demurrer to the evidence "because (appellant says) plaintiff under all the evidence is not entitled to recover judgment." The same evidence to all intents and purposes in both bills of exceptions before this court is found and the same law governs the same. Adams v. Machine Co., 95 Mo. App. 116; Conroy v. Iron Works, 62 Mo. 35. (2) But the company now undertakes to contend in this court in the face of its contention heretofore that Williams was utterly unfit and glaringly so to everybody, of course to the company as well as to Adams and Adams ought not to recover. We submit that the trial court properly left these questions to the jury. Gayle v. Car Co., 177 Mo. 455. (3) Again under the law it certainly was not incumbent on Adams to stop and look before approaching this platform, or to stop, look and see that it was in a proper position and not liable to fall, and defendant's own evidence is to the effect that at all times the warehouse room was very poorly lighted and under such circumstances a very minute and critical examination would have been

necessary to have revealed the fact. The law upon this point is declared in 95 Mo. App. 120.

BROADDUS, P. J.—This case was before this court on a former appeal and is reported in 95 Mo. App. 111, to which we refer for a statement of the facts. The case was reversed on the ground that the circuit court erred in compelling plaintiff to take a nonsuit for the reason that under the pleadings and proof he was not entitled to recover. On trial anew, plaintiff recovered and defendant appealed. The plaintiff seeks to recover damages for injuries received while he was in defendant's employ and as the result of the negligence of an incompetent and careless fellow-servant.

The defendant contends at the outset that plaintiff's petition does not state a cause of action because it fails to set out that the incompetency of Williams, the fellow-servant, was not so glaring and manifest as to threaten plaintiff with immediate injury, and, therefore, there was no excuse on his part for remaining in defendant's employ. The sufficiency of the petition was not discussed on the former appeal. The Indiana Supreme Court held that "a complaint by a servant against his master to recover for an injury caused by the negligence of a fellow-servant to be good on demurrer for want of facts must not only allege that the master knew that the fellow-servant was negligent in the discharge of his duties, but it must also show that plaintiff had no knowledge of that fact when he entered his master's service. . . ." And that "when a servant remains in his master's service after he knows . . . of the negligent habits of a fellow-servant, it it necessary in a complaint by him against the master to recover for an injury caused by the negligence of a fellow-servant to show a reasonable excuse for remaining in the service after such knowledge." [Railroad v. Stupak, 108 Ind. 111.] "Evidence tending to

show that defective machinery was used under a promise by the master to remove the defect, held inadmissible where such promise was not pleaded." [Malm v. Thelin, 47 Neb. 686.] "In an action by a servant against his master to recover damages for personal injury caused by the defective state of the machinery or premises or materials provided by the master for the purpose of the work, it is necessary for the plaintiff to allege and prove that the danger or defect was known to the defendant and not known to the plaintiff." [Bogenschutz v. Smith, 84 Ky. 330.] A similar principle is stated in Railroad v. Doyle, 49 Tex. 190.

A different principle, however, obtains in this State. In Fisher v. Lead Co., 156 Mo. 485, it is held: "it is sufficient if the petition alleges that the defect complained of was known to the employer without also alleging that such defect was unknown to the servant." Notwithstanding, the petition in this case alleges that plaintiff was aware of the incompetency of his fellow-servant and that he notified defendant of the fact, that did not preclude him from recovery unless the danger was so apparent that a reasonably prudent person would not have longer continued in the service of defendant. If, however, the danger was so imminent that a reasonably prudent person would have abandoned the service, he was guilty of contributory negligence, which was a matter of affirmative defense to be pleaded as such. [Williams v. Railroad, 109 Mo. 475; Young v. Iron Co., 103 Mo. 324; Thorpe v. Railroad, 89 Mo. 650.] It seems to be a settled question in this State that such matters are affirmative defenses to be pleaded. The petition, we think, is sufficient.

Instruction numbered three is objected to as misleading. It is as follows: "If the jury believe from the evidence that Adams did not assist in placing the platform which fell upon him, if you find it did fall on him, or was not present at the time Williams and Imes

set it into place, he had a right to presume that said platform had been properly placed, and it was not his duty to take particular care to inspect said platform to see if it was in a safe position before approaching the same and he was not guilty of contributory negligence merely by his failure to so inspect said platform."

We will call particular attention to some of the evidence in regard to the platform. The platform in question was that part of a harvesting machine upon which the grain falls when cut by the sickle. We quote from the former opinion: "This platform is constructed of iron, is about five feet wide by seven feet long, a few inches in thickness, and weighs about 300 pounds. These platforms were stored in this manner: one was placed at a proper distance from the wall, with the sickle bar down, and allowed to lean against the wall, each succeeding one being placed with the bar down and allowed to lean against the one preceding it. When placed in this position the back part of the platform was about six inches thicker at the top than the front of it (now the bottom), and for that reason it became necessary to place each sickle bar about five or six inches from the preceding one in order to obtain the proper inclination to hold the platforms securely in place. It required the services of but two men to so store the platforms, but when others were to be placed on those so standing, it required the efforts of three men to do the work. Just before the happening of the injury on which this action is based, the plaintiff here, together with Williams and Imes, had been engaged in storing the platforms, the two latter passing them up to plaintiff who had been placing them on top of the row; and finally, when as many had been so placed as the plaintiff thought proper, he went downstairs, leaving Williams and Imes to finish standing up a few that remained. After they had done this and started away from the platforms, Imes noticed that they had

been placed with the sickle bars too close together, so that the last one at the end of the row was standing in a perpendicular position instead of being properly inclined toward that back of it. Imes thereupon called Williams' attention to its position, asking him if it would not fall, to which Williams replied that it was just as he wanted it—to leave it alone." It was this platform that soon afterwards fell upon plaintiff and injured him while he was doing other work in its proximity.

The criticism of the instruction is that under the circumstances it was error to instruct the jury that plaintiff had the right to presume that the platform was properly placed and that he was not required to take particular care to inspect it to see if it was in a safe position before he approached it. The criticism is based upon the fact that plaintiff knew that Williams had assisted in placing the platform and that he knew he was an incompetent and negligent workman.

The presumption is that every one exercises ordinary care in the absence of evidence to the contrary. But where there is evidence to remove the presumption, a reference to the latter is usually to be avoided. [Moberly v. Railroad, 98 Mo. 183.] In Lynch v. Railroad, 112 Mo. 420, the court held a similar instruction was wrong. In that case a boy was killed by a street car drawn by mules. The law required that the company should place bells on their mules so as to give warning to persons using the streets. The company in that instance failed to comply with the law in that respect and that fact was relied upon for recovery. It was shown that the boy had every opportunity to know that the mules did not have bells attached to them. It was shown that he lived within one block of the car track; that he had often been on the street; that the street was clear of incumbrances at the time; that he crossed the street not over fifteen feet in front of the car; that the mules were moving at a walk; that he

was not deaf; and that by the exercise of the slightest prudence he could have seen the car and known that there were no bells on the mules. "A presumption that every one will obey the law rests upon the fact that dutiful citizens do obey it. The presumption is at once rebutted when it appears that the law is habitually violated." [Weller v. Railroad, 120 Mo. 635; Payne v. Railroad, 129 Mo. 405.]

The argument of defendant is that as plaintiff had full knowledge of the incompetency and negligent conduct of Williams, he had no right to presume that he had done his work properly. And we are not prepared, under the authorities, to deny its position. The plaintiff testified that Williams, the fellow-servant, was working for defendant for several years before he received the injury of which he complains. The injury was inflicted in 1898. In 1895 plaintiff knew that Williams was an incompetent and "very reckless" workman, and that he informed defendant's agent of that fact. Prior to this time he had been injured by Williams while the two were unloading some mowers from a car. And at one time he told the defendant's agent he would not have Williams to help do certain work. He repeatedly told the agent in charge that Williams was incompetent and negligent, but the agent made no promise to discharge him. He further stated that he avoided working with Williams if it was possible to do so. Plaintiff having such complete knowledge of the incompetency and recklessness of Williams, had no right to indulge in the presumption that he had properly set up said platforms, and it was a serious error to instruct the jury that he had the right to rely on such presumption. It gave him an advantage in the trial to which he was by no means entitled.

Other objections to plaintiff's instructions and complaint of errors in failing to give certain instructions for the defendant are not well founded.

But the burden of defendant's contention is that

under all the evidence plaintiff was not entitled to recover, and that its demurrer to the evidence should have been sustained. The general rule is that the servant does not assume the risks arising from the incompetency and recklessness of a fellow-servant, unless they are so glaring and palpable that a person of ordinary prudence would no longer continue in the service of the master, *which is a question for the jury.* The contention of defendant, however, is that the uncontradicted evidence shows that the danger to plaintiff was so open and glaring that it could not have escaped the observation of an ordinarily prudent man, or the notice of one of plaintiff's experience, and the plaintiff, without any assurance from the master, continued the work. Therefore, that it was a matter of law for the court, and the jury should have been instructed to find for defendant. In the original opinion in this case we held that plaintiff, under the facts, was entitled to go to the jury on his evidence. Upon a review of the case, while not impressed with the strength of plaintiff's showing, under the authorities we feel constrained to uphold the finding.

In Francis v. Railroad, 127 Mo. 658, the rule announced is that knowledge of plaintiff that a fellow-servant was incompetent, and that he had so reported him to the master, will not preclude a recovery for damages resulting from the negligence of such fellow-servant, if the danger in working with him was not so obvious that an ordinarily prudent man would refuse to do so, which is a question for the jury. And such was the holding in Williams v. Railroad, 109 Mo. 475. Both of these cases follow the decision in Railroad v. Mares, 123 U. S. 710. Hamman v. Coal Co., 156 Mo. 232, was a mining case where the deceased, an experienced miner, must have known that the condition of the roof of the mine would cause it to fall at some time. It was there held: "Whether or not deceased assumed the risk of the roof falling upon and injuring him was,

under the circumstances, for the determination of the jury.'' The court applied the rule as expressed in Shearman & Redfield on Negl. (5 Ed.), secs. 211 and 212. In the latter case the rule seems to have been carried to its limit.

In the case at bar, plaintiff was not injured while engaged at work with the incompetent fellow-servant, but secondarily as the result of the carelessness of such servant in placing the platforms in an insecure condition. It was, therefore, a question for the jury to determine under proper instructions whether the act of plaintiff, under the circumstances, in approaching said platforms placed by Williams was such contributory negligence as would preclude him from recovery. It was for the jury to say whether or not he was negligent in approaching said platforms without looking to see whether or not they were securely placed. But as the court assumed to tell the jury as a matter of law that he had the right to presume that they were securely placed, it was equivalent on that question to instructing them to find for the plaintiff, which was the pivotal point in the cause.

For the reasons given the case is reversed and remanded. All concur.