J. N. WHALEY, Respondent, v. M. L. COLEMAN et
al., Appellants.

Kansas City Court of Appeals, June 5, 1905.

1. **MASTER AND SERVANT: Defective Implement: Master's
Direction: Jury Question.** If, after notifying the master of the
defective instrumentality, the servant continues the employ-
ment on the assurance of the master, he is not precluded from
recovery for injury if the risk is not of such a character that a
reasonably prudent person would not continue in the service;
and whether he is justified in continuing under the circum-
stances is a question for the jury, unless the evidence is all one
way and there can be but one conclusion when the matter be-
comes a question for the court.

2. ————: **Mines and Mining: Steel Drill: Loading Flint Rock
Hole.** Where an experienced miner uses the shank of a steel
drill in loading and tamping a hole in flint rock, he is guilty of
the grossest negligence and cannot recover, though the master
sanctioned his using such drill.

3. ————: **Defective Implement: Impending Danger: Contributory
Negligence.** The servant is not bound to obey when he has
reason to anticipate danger that is always impending, and
which the greatest care will scarcely avert; and when, between
two methods, he selects the more dangerous he is guilty of
contributory negligence.

Appeal from Jasper Circuit Court.—*Hon. Hugh C.
Dabbs,* Judge.

REVERSED.

*Thomas & Hackney* and *Edw. J. White* for appel-
lants.

(1) Under the admitted facts in this case, as dis-
closed by the record, the trial court erred in refusing
the defendant's peremptory instruction asked at the
close of the plaintiff's evidence and again at the close of

Whaley v. Coleman.

the whole case. King v. Morgan, 109 Fed. Rep. 446, 10
Am. Neg. Rep. 200; Livengood v. Lead & Zinc Co., 179
Mo. 229; Browne v. King, 100 Fed. 561; Kopf v. Stone
Co., 95 N. W. 72; Allard v. Hildreth (Mass.), 5 Am.
Neg. Rep. 610; Wiskie v. Granite Co., 10 Am. Neg. Rep.
634; Lanza v. Quarry Co., 11 Am. Neg. Rep. 209; Hen-
dlesay v. Williams, 23 Atl. Rep. 365; Dunn v. McNamee
(N. J.), 2 Am. Neg. Rep. 34; Welch v. Grace (Mass.),
1 Am. Neg. Rep. 614; Vitto v. Farley (N. Y.), 2 Am.
Neg. Rep. 47; Cullen v. Norton, 126 N. Y. 1; Anderson
v. Mining Co. (Utah), 4 Am. Neg. Rep. 86; Mast v. Kern
(Oregon), 5 Am. Neg. Rep. 88. (2) "An experienced
miner of mature years is presumed to know what com-
mon observation teaches, e. g., the operation of gravita-
tion, and where the danger is as well known to the ser-
vant as to the master, the former assumes the risk."
Watson v. Coal Co., 52 Mo. App. 367; Downey v. Pence,
98 Ky. 261, 32 S. W. Rep. 737. (3) The plaintiff and
his helper both knew that the use of a steel drill to load
dynamite into the drill hole was attendant with far more
danger than would result from the use of an iron gas
pipe. Moore v. S. & M. Co., 146 Mo. 572. (4) A vol-
untary selection, by an employee, of a known inappro-
priate or dangerous tool, to perform his work with is
such contributory negligence as will bar a recovery for
a resulting injury, as it is his duty to have avoided the
injury if he could do so by the exercise of ordinary care
and for a want of such care, he cannot recover. Bailey,
Mast. Liab. Inj. Serv., pp. 22, 447; Labatt, Mas. & Serv.,
sec. 331, p. 816; Moran v. Brown, 27 Mo. App. 487; No-
lan v. Schickle, 69 Mo. 336.

*Howard Gray* and *H. H. Bloss* for respondent.

(1) The contention of the defendants to the effect
that the court should have instructed peremptorily for
them and the authorities and facts they recite to sustain
their position are so dissimilar with the facts in this

case that a reference to them is all that is necessary. (2) The case of this plaintiff's is more of that type so often passed on by our courts to the effect that where the servant has knowledge of the neglect of duty of the master and calls his attention thereto, and is promised a new instrument, or repairs, etc., and the evidence shows in a general way, that he relied on such promise and continued in the employment he was entitled to recover if any injury ensued as a result of such neglect unless the risk was of such a character, that no reasonably prudent man would have remained in the service. Prophet v. Kemper, 95 Mo. App. 224; Nash v. Dowling, 93 Mo. App. 156; Holleran v. Foundry Co., 133 Mo. 470; Weldon v. Railroad, 93 Mo. App. 668; Hamilton v. Mining Co., 108 Mo. 377; Wendler v. Furnishing Co., 165 Mo. 528; Flynn v. Railway, 78 Mo. 195. (3) Another line of cases that are applicable to the case at bar, announcing exceptions to the proposition of assumed risk contended for by defendants as a reason why their demurrer should have been given, clearly bring this case within the exception to that rule because, "Notwithstanding the defect or risk is brought to the knowledge of the employee yet if he reports it to his employer; and the master promises to repair the defect or remove the danger, the servant can recover for any injury caused thereby within such period as it would be reasonable to allow the master for such performance, and for any injury suffered in any period which would not preclude all reasonable expectations that the promise might be kept." Holleran v. Iron Co., 133 Mo. 470; Conroy v. Iron Co., 62 Mo. 35; Keegan v. Kavanaugh, 62 Mo. 230; Warner v. Railway, 62 Mo. App. 191-2; Jones v. Packet Co., 20 Mo. App. 405; Stephens v. Railway, 86 Mo. 221; Ballard v. Railway, 51 Mo. App. 459; Larson v. Min. Co., 71 Mo. App. 518; Stephens v. Railway, 96 Mo. 207. (4) The test of prudence under such circumstances, is the prudence that persons of the same class usually possess and use. Smith v.

Mining Co., 75 Mo. App. 182; Hamman v. Coal & Coke Co., 156 Mo. 252; Robbins v. Mining Co., 105 Mo. App. 78. And in the case of a steel or an iron bay, Coal Co. v. McKinley (Ky.), 33 S. W. 186; Angelo v. Coal Co., 74 S. W. 714. (5) The authorities cited answer all there is of contention by defendant to the effect that plaintiff was dealing with natural laws and the injury was the result of putting one of them into force. Deweese v. Mining Co., 54 Mo. App. 476; affirmed, 128 Mo. 423; Young v. Iron Co., 103 Mo. 324; Bluedorn v. Railway, 108 Mo. 439; Browning v. Railway, 124 Mo. 55; Ellingston v. Railway, 60 Mo. App. 679.

BROADDUS, P. J.—The plaintiff's suit is for damages alleged to have been sustained by him while in the employ of defendants, a zinc mining copartnership. The plaintiff, an experienced miner, was injured on August 5, 1902, by the premature explosion of a stick of giant powder which the plaintiff's assistant, under his direction, was pushing into a drilled hole, using for the purpose the shank of a steel drill. It was shown that the holes after being drilled were usually filled with the explosive late on each day and exploded before the next shift of miners began their work. The hole into which plaintiff and his helper, a man by the name of McKinley, were putting the explosive was drilled in flint rock. It is conceded that a spark of fire was thrown off from the flint when it was struck with the steel drill, which spark coming in contact with the giant powder caused the explosion. The steel drill was not an instrument intended for the purpose of what the miners call "loading the drill holes" or "shoving the powder" into them. But sections of gaspipes with wooden plugs in the ends were generally used because they were less liable to cause explosions.

At the time in question, plaintiff endeavored to get

a certain piece of gaspipe for his purpose, but as it was being used by other workmen he substituted the steel drill. It was shown, however, that he could have obtained the former by waiting a short while. All the miners were aware of the danger of using a steel drill for loading or tamping the drilled holes. It was also shown that gaspipes, unless they had a wooden plug driven in the end, were a little less dangerous than steel. It appeared that defendants had furnished two of the latter and several others without the wooden plugs. However, it was a fact that at times plaintiff and others used the steel drill with the knowledge and consent of defendant's foreman, and when plaintiff called his attention to the matter and requested to be furnished with gaspipes, he said, "all right, go ahead and use the steel; it will be all right; but don't punch the powder." Plaintiff did not request the foreman to furnish him a gaspipe with a wooden plug, but one about ten feet long as he had objections to some of those in use because they were not sufficient in length.

At the close of plaintiff's case, and also at the close of all the evidence, the defendants asked the court to instruct the jury to find for them, which the court refused to do. The verdict and judgment were for plaintiff, from which defendants appealed. The contention of defendants is that, the plaintiff's injuries were the result of his own negligence, and that he assumed the risk; that the court admitted incompetent evidence; and that it committed error in giving and refusing instructions.

It is conceded that the steel drill used by plaintiff's helper under his directions was unsafe and dangerous, of which plaintiff, an experienced workman, was fully aware. But he seeks to avoid the responsibility of using the instrument on the ground that he had called the attention of defendants' foreman to the matter and that he continued to use it under a promise that he would be furnished one safer and more suitable for the work. The

general rule in such cases is that, if the servant continues his employment he is not precluded from recovering for injuries sustained by reason of the negligence of the master if the risk is not of such a character that a reasonably prudent person would not continue in the service. [Nash v. Dowling, 93 Mo. App. 156; Holloran v. Iron & Foundry Co., 133 Mo. 470; Weldon v. Railway, 93 Mo. App. 668; Hamilton v. Mining Co., 108 Mo. 377; Wendler v. Furnishing Co., 165 Mo. 528. And whether a servant would be justified in continuing his services under the circumstances is a question for the jury. Francis v. Railway, 127 Mo. 658; Williams v. Railway, 109 Mo. 475; Railway Co. v. Mares, 123 U. S. 710; Hamman v. Coal Co., 156 Mo. 232; Adams v. Harvesting Co., 110 Mo. App. 367.] But there are exceptions to all general rules: Where there is no conflict but the evidence is all one way, and there can be but one conclusion, the matter becomes a question of law for the court.

The use of the steel drill by the plaintiff was an act of the grossest negligence. It is a matter of common experience that where steel and flint are forcibly brought in contact, the result will be sparks of fire, and that fire coming in contact with powder produces an explosion. And no one knew such to be the case better than plaintiff. He was not authorized by anything that was said by the foreman to use the drill, because he was equally as well informed of the danger as the foreman. On the face of things, the risk was so glaring, and at all times impending to such a degree, that no person of ordinary prudence could for a moment have believed that the drill could be used by the exercise of ordinary care with safety. A servant is not bound to obey the master when he has reason to anticipate that danger in the service is always impending and that he is liable to suffer injury at any moment, which the greatest care and caution on his part will scarcely avert. And besides, he was not bound to use the steel drill; he could have

Ross v. Railroad.

waited for the gaspipe a short time, it being only in temporary use by others. But he voluntarily selected the steel drill, the most dangerous implement for the purpose. There is no dispute on that point. It was his own implement. For which reason he was not entitled to recover. [Nolan v. Schickle, 69 Mo. 336; Moran v. Brown, 27 Mo. App. 487.] His excuse was that it was as well that he should use the steel as for the others to do so. A servant who as between two methods selects that which is the most dangerous and is injured in consequence, is guilty of negligence and not entitled to recover. [Moore v. Railway, 146 Mo. 572.]

As the plaintiff was not entitled to recover the court committed error in not sustaining defendant's demurrer to the evidence. As the question already determined is decisive of the case, other questions raised become immaterial. For the reason given the cause is reversed. All concur.