Judge Geaiiam
delivered the opinion of the Court.
These are actions of ejectment brought by the appellees against the appellant to obtain possession of a tract of land sold by the SherifF of Woodford, by virtue of executions in his hands against Craig, and at which sale the appellees became purchasers, and obtained a deed from the Sheriff for the land sold. A verdict having been rendered for the plaintiff, the case was brought to this Court by Craig’s appeal, and the judgment of the Court below reversed : (6 B. Monroe, 457.)
Before the levy of the execution, by the Sheriff, on the land in contest, (which is part of a larger tract, then in Craig’s possesion by previous conveyance from another,) Craig had sold a part of said larger tract to Christopher, and a line had, by parol, been agreed upon by the parties, Craig and Christopher, up to which Craig sold. In the deed from the Sheriff to the appellees, which specifies the entire boundary of Craig’s tract, as it was previous to the sale to Christopher, so much of the said tract, is excepted from the Sheriff’s sale and deed, as Christopher was entitled to by agreement with Craig. The judgment was reversed mainly because in the opinion of the Court, “ the evidence, as then exhibited in the recoi'd, did not authorise the jury to find that there had been such a severance of title as would have made the lessors in these actions tenants in common of a particular part of the tract to the exclusion of Christopher, and would have made him, sole tenant of the residue,” and for the further reason, if the evidence would have authorized such a finding, yet the verdict for a certain portion of the whole land men *54 tioned in the declarations, did not necessarily imply that the jury did find that there had been such a division, and there was no reference in the verdict to any object or fact restricting their finding to any distinct portion of the boundary described in the deed, or that the possession of the defendant was thus restricted, and of course there was nothing to restrict the possession to be delivered to the plaintiffs.
The e-videnee & decision on the last trial.
After the case had been returned to the Court below, and the trial was had, and a verdict and judgment being again rendered for the plaintiffs, now the appellees, it is once more before this Court by Craig’s appeal.
The proof now in the record is, that before the levy Craig and Christopher had agreed on a certain branch as the boundary, but at the time of the sale by the Sheriff, there had not been a survey made of Christopher’s part. After the sale bj7 the Sheriff, Craig said that the agreement with Christopher had been completed; that the recitals in the Sheriff’s deed were correct, and the object of the survey was simply to get the quantity of land Christopher was to have from Craig. On the I4th November, being seven days after the Sheriff’s sale, Craig made a deed to Christopher, according to the parol agreement made before the Sheriff’s levy, and setting forth the metes and bounds of that part of the tract bought by him of Craig. At the date of the service of the declarations in ejectment, the defendant was in possession of the land. The defendant objected to the reading of the deed of Craig to Christopher as evidence to the jury, but the Court overruled his objections. In each of these cases the jury brought into Court the following verdict: “We, of the jury, find the defendant guilty of the trespass and ejectment in the plaintiff’s declaration mentioned, and assess his damages, by reason thereof, to one cent.” When the verdict was read, the jury, by their foreman, stated that they intended to find upon the line of division mentioned in the deed from Craig to Christopher, but did not think it necessary to put it in their verdict, nor did they deem it necessary to find the different interests of *55 the plaintiffs; and thereupon the Court permitted the plaintiffs’ counsel to write a form of verdict, which specifies the portion the plaintiffsrecovery, and excludes the land contained in the deed to Christopher. The jury, on instructions from the Court that they had a right to review their verdict, make their own calculations and return the prepared verdict if they approve it, or modify or change it as they thought proper, retired and then brought in the verdict as prepared by the counsel.
It is the duf.y of' the court to see-' that the verdict of the jury is put in proper legal form, and so as' to carry out their finding.
The appellants, in their motion for a new trial, (the overruling of which is assigned for error,) insist that the Court erred in permitting the deed from Craig to Christopher to be read as evidence, and in permitting the verdict of the jury to be returned in the manner it was done, and in its instruction to the jury.
We do not perceive any error in the admission of that deed as evidence. It was but completing and carrying into effect the parol contract made before the levy. The sale was made, excluding the land sold to Christopher, the precise boundaries of which are now embraced in the deed, which was made by Craig himself. He has no cause of complaint, and had no right to object that it was used against him.
Nor do we perceive any error in relation to the verdict. It is the duty of a Court not only to see that the verdict of the jury be put into proper and legal form, but that it be so shaped as clearly to carry out the finding of the jury, whenever the Court are informed by the jury, as they w'ere in this case, what fact they intend, by their verdict, to establish as true. The verdict, in each of the cases, specifies the portion of the land which each plaintiff should recover, and excludes expressly so much of the land conveyed to Craig, as had been conveyed by him to Christopher. It is, therefore, in strict conformity with the Jaw of the case, as decided by this Court, when the case was here before: (6 B. Monroe, 457.) The instructions of the Court are in conformity with the principles heretofore, and now7,, settled in these cases.
Hewitt for appellants; Kinkead for appellees.
There being no error in the judgment of the Circuit Court, they are therefore affirmed.