# UNION PACIFIC RAILWAY COMPANY v. WYLER.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 217. Argued April 3, 4, 1895. — Decided May 20, 1895.

In an action by an employé of a railroad company against the company, based upon the general law of master and servant, and brought to recover damages for an injury which had happened to the plaintiff in Kansas while on duty there, an amended petition which changes the nature of the claim, and bases it upon a statute of Kansas giving the employé in such a case a right of action against the company in derogation of the general law, is a departure in pleading, and sets up a new cause of action; and the statute of limitations as applied to such new cause of action treats the action as commenced when the amendment was incorporated into the pleadings, and not as begun when the action itself was commenced.

This result is not in any way affected by the fact that the amended petition was filed by consent, as such consent covers only the right to file the amendment, but does not waive defences thereto when filed.

On the 25th of September, 1885, Otto Wyler, the defendant in error, sued the Union Pacific Railway Company, plaintiff in error, in the Circuit Court of Jackson County, State of Missouri, to recover damages for a personal injury. The petition alleged that in April, 1883, and for a long time prior thereto, he was employed by the defendant at Wyandotte, Kansas, in repairing locomotives and engines; that at the date stated the corporation had in its employ other men beside himself, among whom was one Charles B. Kline, who at that time "was wholly incompetent and unfit for the position which he occupied, and the work he performed; that said incompetency was wholly unknown to plaintiff at said time, though well known to defendant, and defendant negligently and wrongfully kept and retained said Kline in its employ with full knowledge of his incompetency; that at said time and place plaintiff, at the request of defendant, and in the ordinary course of his employment, was engaged in repairing a fire box in one of defendant's locomotives; that

on this particular occasion plaintiff was, at the request of defendant, assisted in said work by said Kline; that plaintiff and said Kline whilst so engaged in repairing said fire box of said locomotive were in the act of lifting and placing in position the fire dump belonging thereto, (which was a part of their said business and employment,) said dump being made of iron and of great weight; that while engaged in such business, and without fault on the part of the plaintiff, and through the negligence and mismanagement of defendant in retaining and employing the said Kline, after knowing his incompetency, the said heavy iron dump was carelessly and negligently thrown down, and let fall against the plaintiff," by reason of which he was injured and damaged to the extent of $25,000, for which judgment was asked.

In October, 1885, the defendant filed a general denial, and on the 16th of November, 1885, removed the cause to the Circuit Court of the United States for the Western District of Missouri. On the 18th of November, 1886, an amended answer was filed, averring that the plaintiff's injury resulted from his own negligence, and pleading in bar of the action a limitation of two years under the laws of the State of Kansas. On the 3d of November, 1887, the plaintiff replied to the amended answer denying the charge of negligence, and demurred to the third clause thereof, which pleaded the Kansas statute of limitations. On the 5th of January, 1888, the demurrer to the defendant's answer was submitted to the court. On the 23d of May the defendant amended his answer by inserting in the third clause, which set out the statute of limitations of Kansas, the averment that both parties were residents of that State at the time of the accident and had continued so up to that date. This amendment was consented to by counsel, on condition that the demurrer which had been filed to the first amended answer should be considered as pleaded against the last answer, and that it be submitted. The court sustained the demurrer to so much of the answer as set up the bar of the Kansas statute.

Thereupon consent was filed that the defendant should withdraw its answer and be at liberty to demur to the peti-

tion. A general demurrer was then filed.. This demurrer was sustained, with leave to amend *instanter*. On October. 30, 1888, the plaintiff filed an amended petition, in which he reiterated his original averments, and added thereto the charge that his injury resulted from " the negligence and mismanagement of the defendant,. its agents, and employés, and in consequence of the negligence and mismanagement of said Kline." On the 2d day of November, 1888, by consent of counsel, plaintiff filed a second amended petition. This restated the averments of the first amended petition, except that it eliminated the charge of incompetency on. the part of Kline, and the averment of knowledge of such incompetency in the defendant, and. rested the cause of action exclusively upon the negligence of Kline, as a fellow-servant of the plaintiff, averring that the corporation was liable to plaintiff for injury suffered by him through the negligence of a fellow-servant, for the reason that a right of action was given in such case by the law of Kansas, where the accident occurred. The language of the petition is as follows : " That by reason of the premises [the negligence above stated] the plaintiff had and has a cause of action against the defendant under and by virtue of the law of Kansas in such cases made and provided in sec. 1, chapter. 93, Laws of Kansas of 1874."

On the 3d of November, 1888, the defendant answered the amended petition ; 1st, by confessing that the plaintiff was in its employ, and admitting the existence of the Kansas statute ; 2d, by claiming that the injury suffered was brought about through the plaintiff's own fault; 3d, by asserting that both parties were citizens of the State of Kansas at the time the accident occurred, and had been so ever since, and hence, the right to recover was barred by the limitation of two years created by the Kansas law ; and, 4th, claiming that, as the cause of action alleged in the second amended petition was wholly different from that averred in the original and the first amended petition, the same was barred by a limitation of five years created by the laws of the State of Missouri.

On the 4th of March, 1889, leave was granted to withdraw the foregoing answer and to file a demurrer. On the next

day the parties appeared in open court, and a new amended answer was filed. This averred, in somewhat different phraseology, the defences already stated, and added a new one, namely, want of jurisdiction. To the third ground of this answer plaintiff demurred, and to the second ground he filed a general denial. His demurrer was sustained on March 6. On the issues thus made up the case was twice tried and the jury failed to agree. In September, 1891, the case was tried for the third time, and resulted in a verdict in favor of the plaintiff for $10,000. After motions for new trial and in arrest of judgment had been overruled, the case was brought here by error.

*Mr. A. A. Hoehling, Jr.,* and *Mr. Samuel Shellabarger* for plaintiff in error. *Mr. John W. Beebe, Mr. J. F. Dillon, Mr. H. Hubbard,* and *Mr. J. M. Wilson* were on their brief.

*Mr. W. Hallett Phillips* for defendant in error. *Mr. T. P. Fenlon, Mr. J. W. Jenkins,* and *Mr. W. C. Wells* filed a brief for same.

MR. JUSTICE WHITE, after stating the case, delivered the opinion of the court.

It was claimed at bar that the demurrer filed instead of being to the last answer, was to the first amended answer, and therefore that it was addressed to the third ground therein set out, that is to say, the plea of limitation under the Kansas statute, and that the general denial, instead of being addressed to the second ground in the last amended answer, applied to the second ground in the first amended answer, which averred negligence on the part of the plaintiff. The record does not support this contention, although it indicates that the pleader intended that the demurrer and the denial should have that effect, but mistakenly applied them to the last amended answer. The controversy on this point, however, is immaterial in the view of the conclusions which we have reached.

The statute law of Kansas provides as follows: "Every railroad company organized or doing business in this State

shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employés to any person sustaining damage." Laws of Kansas, 1874, c. 93, § 1.

The occurrence for which the plaintiff seeks to recover damages happened in the State of Kansas in April, 1883. The first petition was filed in the state court of Missouri on September 25, 1885, that is to say, two years and five months after the injury. Actions for damages for personal injury, not arising from contract, are barred by the general law of Kansas after a period of two years. General Statutes of Kansas, 1868, art. 3, c. 80. The first amended petition was filed October 30, 1888, and the second amended petition November 2, 1888. At least five years and six months therefore intervened between the occurrence which caused the damage and the filing of the second amended petition. The statute law of Missouri bars actions on account of personal injury in five years. Rev. Stat. Missouri, 1889, vol. 2, §§ 6773–6775. The question of the operation of the statutes of limitation of Kansas and Missouri, upon the right of action here asserted, lies, therefore, at the very threshold of the case. It is an elementary rule that limitations are governed by the law of the forum, and not by the law of the place where the event happened, which gave rise to the suit. This is not denied, but it is argued that the Kansas statute operates in this case as a bar to the action in the court of Missouri, because of circumstances which make the case an exception to this general rule. It is also contended that the five-year limitation of the law of Missouri bars the action, and this proposition is based upon the claim that the second amended petition propounded an entirely new and distinct cause of action.

Before considering the limitation which it is asserted results from the Kansas statute, we will determine whether the action is barred by the law of Missouri, because if so, it will be unnecessary to decide whether the Kansas statute has an extra-territorial effect. The decision as to the application of the Missouri law involves, first, the ascertainment of whether the amended petition presented a new cause of action. The

legal principles by which this question must be solved are those which belong to the law of departure, since the rules which govern this subject afford the true criterion by which to determine the question whether there is a new cause of action in case of an amendment. In many of the States which have adopted the Code System great latitude has been allowed in regard to amendment; but even in those States it is held that the question of what constitutes a departure in an amended pleading is nevertheless to be determined by the rules of common law, which thus furnish the test for ascertaining whether a given amendment presents a new cause of action even although it be permissible to advance such new cause, by way of an amendment.

Coke upon Littleton, 304 *a*, says: "When a man in his former plea pleadeth an estate made by the common law, in the second plea regularly he shall not make it good by an act of Parliament. So when in his former plea he intituleth himselfe generally by the common law, in his second plea he shall not enable himselfe by a custome, but should have pleaded it first."

Comyn's Digest, "Pleader," (F. 8,) states the same rule, and gives the following illustrations of departure:

"In debt on bond by sheriff against his bailiff to pay him 20*d.* for every defendant's name in every warrant in mesne process, defendant pleads he had paid it, plaintiff replies that he had not paid it for A; defendant rejoins Stat. 23 H. 6, and 3 G. it is a departure; for pleading he has had and rejoining he ought not to pay; and for pleading common law plea, and rejoining a statute. *Balantine* v. *Irwin*, M. 4 G. 2, C. B. Fort. 368.

"So, if a man avows, for that A being seized in fee granted to him a rent, and the defendant plea is, nothing in the tenements at the time of the grant, and the plaintiff rejoins that A was *cestuy que use* in fee, which use is now executed by the statute of uses; this is a departure." Pl. Com. 105 *b.*

Chitty on Pleading, 1, pp. 674, 675, states the principle as follows: "A departure may be either in the substance of the action or defence, or the law on which it is founded; as if a

declaration be founded on the common law, and the replication attempt to maintain it by a special custom, or act of Parliament."

Stephen on Pleading, pp. 412, 413, thus elucidates the point: "These, it will be observed, are cases in which the party deserts the ground, in point of fact, that he had first taken. But it is also [a] departure, if he puts the same facts on a new ground in point of law; as if he relies on the effect of the common law, in his declarations, and on a custom in his replication; or on the effect of the common law in his plea, and a statute in his rejoinder."

Gould on Pleadings, pp. 423, 424, says:

"When the matter, first alleged as the ground of action or defence, is pleaded as at common law, any subsequent pleading by the same party, supporting it by a particular custom, is a departure."

\*       \*       \*       \*.       \*

"Again, a declaration or plea, asserting a right at common law, is not fortified by the subsequent allegation of a right created by statute. If, therefore, to an action of trespass, laid in common form, for taking the plaintiff's cattle, the defendant justifies the taking of them damage feasant, by distress; and the plaintiff replies, that the defendant drove them out of the county, (which is not actionable by the common law, though made so by the statute 52 H. 3, and 1 and 2 Ph. & M. c. 12,) the replication is a departure, for the same reason as in the last case. The plaintiff in this case should have founded his action upon the statutes."

Saunders on Pleading and Evidence, pp. 806, 807, thus supports these authorities: "A departure in pleading is said to be when a party quits or departs from the case or defence which he has first made and has recourse to another; it is when his replication or rejoinder contains matter not pursuant to the declaration or plea, and which does not support and fortify it. A departure may be either in the substance of the action or defence, or the law on which it is founded."

The courts have, by their decisions, made application of these principles to changes in the facts averred or law relied

on, thus illustrating the rule in many aspects. Where it was first alleged in an action for libel that the defendant had attacked the solvency of the plaintiff, and by amendment that he had assailed the plaintiff's integrity in his personal conduct without questioning his solvency, this was held to be a new cause of action. *Mohr* v. *Lemle*, 69 Alabama, 180. See also *Smith* v. *Smith*, 45 Penn. St. 403, where the same rule was applied in a case of slander. Where a party alleged that he was forcibly ejected from a train, and then by amendment averred that he was misled by the agents of the corporation into getting out at a wrong station, it was held to be a new cause of action. *A. G. S. R.* v. *Smith*, 81 Alabama, 229. Where a party declared upon a contract, under which he claimed as assignee, and amended so as to rest on a contract which he alleged was made directly with himself, it was held a new cause of action. *Bingham* v. *Talbot*, 63 Texas, 271.

An action of assumpsit was changed by amendment into an action of debt; the conclusion was that the amendment was a new cause of action. *Crofford* v. *Cothran*, 2 Sneed, 492. At common law no action lies in favor of one person for the death of another; a statute allowed such an action to be brought in the name of a personal representative; by mistake an action of this kind was brought in the name of the wife of a person who had been killed; it was amended so as to make the personal representative the nominal plaintiff; *Held*, that it was a new cause of action. *Flatley* v. *M. & C. Railroad*, 9 Heiskell, 230. A party filed a bill in equity against a corporation without alleging its dissolution, etc., and that he was without remedy at law; after he amended so as to insert all the necessary allegations to give equity jurisdiction; *Held* that this also was a new cause of action. *Dudley* v. *Price*, 10 B. Mon. 54. A bill was filed for the reconveyance of land only, and an amendment referred to certain slaves; *held*, the allegations concerning the latter were another cause. *Christmas* v. *Mitchell*, 3 Iredell, 535.

In Georgia the doctrine has been applied to the very condition of the pleadings here before us. There the court said:

" Whenever a suit is commenced in this State, and the plaintiff relies for his right of action and his recovery upon a foreign statute, he must plead said statute. If he pleads it defectively, or shows in some way that he relies upon it, he will be entitled, under our code, to amend by setting out the statute, or such parts of it as he relies on, as was done in the case of *Railroad Co.* v. *Nix*, 68 Georgia, 572. If, however, he commences his action, and relies upon his common law right, we do not think he can amend his common law declaration by setting out the statute, and relying upon that for his right to sue and for his recovery. In this case the original declaration was founded upon the common law right. Nothing was even intimated therein to the effect that he relied upon the statute. According to the decision in *Cotton Mills* v. *Railroad Co.*, and cases cited therein, made at this term, (10 S. E. Rep. 113,) this amendment would have added a new and distinct cause of action. But it is argued by counsel for plaintiff in error that all of the facts required by the Alabama statute to be pleaded were already pleaded in the declaration, and that simply to mention the statute in the amendment, and recite the same facts therein, would not be a new cause of action. While it may be true that all the facts required by the Alabama statute had been set out in the declaration, still those facts alleged in the common law declaration were mere surplusage and had no legal vitality, and would have been so regarded by the court trying the case. It required the pleading of the statute to give them any vitality at all. As we have seen, that statute is not mentioned or intimated in the original declaration, and hence to have allowed the amendment offered would have been allowing the introduction of a new cause of action." *Bolton* v. *Georgia Pac. R. R. Co.*, 83 Georgia 659.

Other applications of the general principle may be found in the cases of *Bower* v. *Thomas*, 69 Georgia, 47 ; *Vance* v. *Thompson*, 1 Sneed, 321 ; *Railroad* v. *Foster*, 10 Lea, 351 ; *Thomas* v. *Insurance Co.*, 108 Illinois, 91 ; *Robertson* v. *McIlhenny*, 59 Texas, 615 ; *Martin* v. *Young*, 85 N. C. 156 ; *Guild* v. *Parker*, 43 N. J. Law, 430 ; *Hiatt* v. *Auld*, 11 Kansas, 176 ; *Rolling Mill* v. *Monka*, 107 Illinois, 340.

The question then is, does the second amended petition state a new cause of action, so as to amount to a departure? In examining this question we must bear in mind what is the common and general law governing the relation of master and servant, which prevails also in Missouri. By this law a servant cannot recover from a common master for injuries suffered from the negligence of a fellow-servant. However, where the master knowingly employs an incompetent servant, or where he keeps a servant in his employ after he has acquired knowledge of his incompetency, he is liable for damages caused to a fellow-servant, resulting from such incompetency. The statute of the State of Kansas which makes employers operating a railroad liable to one servant for the neglect of another, without regard to the rule of incompetency as above stated, is clearly in derogation of the general law, which, as we have said, prevails in Missouri where the action was originally brought. *Corbett* v. *St. L., M. & S. Railroad*, 26 Mo. App. 621; *Worheide* v. *M. C. & F. Co.*, 32 Mo. App. 367; *Moran* v. *Brown*, 27 Mo. App. 487; *Bowen* v. *C. B. & K. C. R. R.*, 95 Missouri, 268; *Steffen* v. *Mayer*, 96 Missouri, 420.

The first petition manifestly proceeded exclusively on that part of the general rule which holds the master liable who with knowledge employs or retains an incompetent servant. It made no reference to the Kansas statute, and did not directly aver negligence on the part of the fellow-servant, except in so far as this might be inferred from the averment of his incompetency. The language is "that at the said time Kline was wholly incompetent and unfit for the position he occupied and the work he performed; that said incompetency was wholly unknown to plaintiff at the said time, though well known to defendant, and defendant negligently and wrongfully kept and retained said Kline in its employ with full knowledge of his incompetency." In fact when it charges the cause of the injury, the petition seems to eliminate all pretence of a right to recover, because of the fellow-servant's negligence, as distinguished from his incompetency, by resting the right upon the latter, for it says: "While engaged in such business and without fault on the part of the plaintiff

and through the negligence and mismanagement of defendant in retaining and employing said Kline after knowing of his incompetency; the said heavy iron dump was carelessly and negligently thrown down and let fall."

It seems impossible to conceive of language which could more directly rest the cause of action on the general or common law of master and servant. And that this was the reliance is shown by the fact that when a demurrer to the petition was sustained, the amended petition for the first time specifically added to the charge of incompetency of the fellow-servant an unequivocal averment of his negligence. A suit based upon a cause of action alleged to result from the general law of master and servant was not a suit to enforce an exceptional right given by the law of Kansas. If the charge of incompetency in the first petition was not *per se* a charge of negligence on the part of the fellow-servant, then the averment of negligence apart from incompetency was a departure from fact to fact, and, therefore, a new cause of action. Be this as it may, as the first petition proceeded under the general law of master and servant, and the second petition asserted a right to recover in derogation of that law, in consequence of the Kansas statute, it was a departure from law to law. This conclusion is strengthened by the fact that in most of the States the laws of other States are treated as foreign laws, which must be pleaded and proven. Sedgwick on Statutory and Constitutional Law, 363; *Hempstead* v. *Reed*, 6 Connecticut, 480; *Swank* v. *Hufnagle*, 111 Indiana, 453; *Root* v. *Merriweather*, 8 Bush, 397. Although this rule is not invariably adhered to, it is part of the law as administered in the State of Missouri. *Babcock* v. *Babcock*, 46 Missouri, 243.

The suit here was brought in a Missouri court, and was necessarily controlled by the law of that State.

It is argued, however, that, as all the facts necessary to recovery were averred in the original petition, the subsequent amendment set out no new cause of action in alleging the Kansas statute. If the argument were sound, it would only tend to support the proposition that there was no departure

or new cause of action from fact to fact, and would not in the least meet the difficulty caused by the departure from law to law. Even though it be conceded that all the facts necessary to give a right to recover were contained in the original petition, as this predicated the assertion of that right on the general law of master and servant, and not upon the exceptional rule established by the Kansas statute, it was a departure from law to law. The most common, if not the invariable, test of departure in law, as settled by the authorities referred to, is a change from the assertion of a cause of action under the common or general law to a reliance upon a statute giving a particular or exceptional right. It is true that the Federal courts take judicial notice of the laws of the several States. *Priestman* v. *United States,* 4 Dall. 28; *Owings* v. *Hull,* 9 Pet. 607; *Covington Drawbridge Co.* v. *Shepherd,* 20 How. 227; *Cheever* v. *Wilson,* 9 Wall. 108; *Junction Railroad* v. *Bank of Ashland,* 12 Wall. 226. This rule, however, does not affect the present suit, which was commenced in the court of Missouri. Moreover, the departure which arises from relying, first, upon the general or common law, and, in the second instance, on an exceptional statute, is a question of pleading, and is not controlled by the law in regard to judicial notice of statutes, which is a matter of evidence. The very origin of the rule in regard to departure from law to law makes this obvious. The English courts, from which our doctrine upon this subject is derived, necessarily take judicial notice of acts of Parliament, yet there a departure is made and a new cause of action is asserted when a party who has at first relied upon the common law afterwards rests his claim to recovery upon a statute.

The amended petition, which averred the statute of Kansas, having asserted a new cause of action, the next question is, was recovery under this petition barred by the Missouri statute of limitations? The general rule is, that an amendment relates back to the time of the filing of the original petition, so that the running of the statute of limitations against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is, that, as the running of the

statute is interrupted, by the suit and summons, so far as the cause of action then propounded is concerned, it interrupts as to all matters subsequently alleged, by way of amendment, which are part thereof. But where the cause of action relied upon, in an amendment, is different from that originally asserted, the reason of the rule ceases to exist, and hence the rule itself no longer applies.

The doctrine on this subject is stated in the case of *Sicara* v. *Davis*, 6 Pet. 124. There the plaintiff brought an action of ejectment, in which he laid his demise as having been made by Steven Sicard on January 30, 1815, and at the November term of the court in 1821 he was given leave to amend by laying his demise in the name of the heirs of the original grantee of the lands, Joseph Phillips and others, to whom the land had been conveyed before the execution of the deed under which Sicard acquired his title. This court, speaking through Mr. Chief Justice Marshall, said that "limitations might be pleaded to the second allegation, though not to the first, because the second count in the declaration being on a demise from a different party asserting a different title, was not distinguishable, so far as respects the bar of the act of limitations from a new action."

The text-writers have uniformly recognized this principle. In Wood on Limitations of Actions, p. 14, note 4, it is said: "If, however, a new declaration or complaint is filed, setting up a new cause of action, the statute runs until such new declaration is filed, and may be pleaded thereto."

See also Buswell on Limitations, p. 515. In *Mohr* v. *Lemle*, *supra*, the Alabama court thus speaks:

"The latitude of amendment allowed the plaintiff cannot be permitted to work injustice to the defendant, or to deprive him of any just and rightful defence. The plaintiff may introduce a new cause of action by amendment; but such amendment cannot have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced for that cause of action, at the time of making the amendment. The whole doctrine of relation rests in a fiction of law, adopted to

subserve, and not to defeat right and justice. When the amendment introduces a new right, or new matter, not within the *lis pendens*, and the issue between the parties; if at the time of its introduction, as to such new right or matter, the statute of limitations has operated a bar, the defendant may insist upon the benefit of the statute, and to him it is as available, as if the amendment were a new and independent suit."

So again in the same State, in one of the cases already cited, the court said: "While a new cause of action may be introduced by amendment, the established limitation on the operation of its relation to the commencement of the suit is, that if the amendment introduces new matter or a different cause of action not within the *lis pendens*, as to which the statute of limitations has operated a bar at the time of making the amendment, it is as available as if the amendment were a new and independent suit." *Ala. G. S. R. R. Co. v. Smith*, 81 Alabama, 229.

. Other applications of the doctrine may be found in the following cases: *Toby* v. *Allen*, 3 Kansas, 399; *Hiatt* v. *Auld*, 11 Kansas, 176; *Rolling Mill* v. *Monka*, 107 Illinois, 340; *Crofford* v. *Cothran*, 2 Sneed, 492; *Flatley* v. *M. & C. Railroad*, 9 Heiskell, 230; *Dudley* v. *Price's Administrator*, 10 B. Mon. 84; *Buntin* v. *C. R. I. & P. R. R.*, 41 Fed. Rep. 744; *A. & P. Co.* v. *Laird*, 58 Fed. Rep. 760.

Nor do we think this question is in any way affected by the fact that the second amended petition was filed by consent. The consent covered the right to file it, but did not waive the defences thereto when filed. If the interruption to the running of the statute created by the first summons applied only to the cause of action therein set out, it would have required an express renunciation of the benefit of the statute, which had fully operated upon the new cause of action set out in the amended petition — when that petition was filed. In Sicard's case, *supra*, although the amendment had been filed by leave of court, and was, therefore, a part of the pleadings, it was held that the bar of the statute applied to the new cause of action alleged in the amendment, and the rule there enforced is followed in the other cases cited.

*Judgment reversed.*