### WILLIAMS v. WILLIAM B. SCAIFE & SONS CO.

#### (District Court, D. New Jersey. November 3, 1915.)

1. PLEADING ☜354—STRIKING OUT—FACTS OR CONCLUSIONS.
    A defense which states a mere conclusion of law, without alleging any facts to support it, will be stricken.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1092–1095; Dec. Dig. ☜354.]

2. PLEADING ☜354—STRIKING OUT—DEFENSES AVAILABLE UNDER DENIAL OF ALLEGATIONS OF COMPLAINT.
    In an action for wrongful death, alleged to have been due to the bursting of a gas tank which defendant had constructed and delivered pursuant to a contract between it and deceased, a defense alleging that defendant entered into no contract with deceased with respect to the tank,

and was not liable by reason of its bursting, would be stricken, as defendant could have the benefit of any want of contractual relations under its denial of the allegations of the complaint, which alleged the making of a contract, and the denial of the existence of the contract by a separate defense was unnecessary, and served no useful purpose.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1092–1095; Dec. Dig. ☞354.]

3. LIMITATION OF ACTIONS ☞127—AMENDMENT OF PLEADINGS.

If a new and different cause of action is stated in an amended complaint, the action is treated as commenced within the statute of limitations, when the amendment is incorporated into the pleadings, and the statute will bar the new cause of action to the same extent as if the amendment were a new and independent suit; but, if no new or different state of facts is set up, the amendment will relate back to the beginning of the suit.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. ☞127.]

4. LIMITATION OF ACTIONS ☞127—AMENDMENT OF PLEADINGS.

Rev. St. § 954 (Comp. St. 1913, § 1591), provides that the court shall amend every defect and want of form in the summons, declaration, etc., and may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall prescribe. Practice Act N. J. (P. L. 1912, p. 377) § 24, provides that the court may permit, before or at the trial, the statement of a new or different cause of action in the complaint or counterclaim. *Held*, that while, in an action for death, in which the original complaint set forth that plaintiff was given a right of action under the laws of New Jersey, where the action was brought, an amendment to allege that the cause of action was given by the laws of Vermont, which were therein set forth, was permissible, it did not follow that, if the amendment set up a new cause of action, the action would not be treated, so far as the statute of limitations was concerned, as commenced when the amendment was made.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. ☞127.]

5. LIMITATION OF ACTIONS ☞127—AMENDMENT OF PLEADINGS.

In an action for death, brought in New Jersey, where the original complaint alleged that plaintiff was given a right of action under the laws of New Jersey, an amended complaint, filed after limitations had run against a new action, proceeding on the theory that the cause of action was given by the laws of Vermont, and setting forth the statutes of that state, did not set up a new or different cause of action, and the amendment therefore related back to the beginning of the suit, since the reference to the laws of New Jersey in the first complaint was surplusage, and the amendment merely eliminated an allegation which was surplusage, and inserted an allegation of a fact, of which the court would take judicial notice.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. ☞127.]

6. DEATH ☞48—PLEADING—LAWS OF OTHER STATE.

As the federal courts take judicial notice of the laws of the several states, it was not necessary, in an action for a death occurring in another state, to plead the laws of that state.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 63; Dec. Dig. ☞48.]

7. EVIDENCE ☞29—JUDICIAL NOTICE—LAWS.

In an action in New Jersey for a death occurring in Vermont, the court would be charged with notice, without an allegation to that effect, that since the cause of action was unknown to the common law no redress

could be given by virtue of the laws of New Jersey, except by way of enforcing the laws of Vermont.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. ☞29.]

8. TORTS ☞2—LIABILITY—LAW GOVERNING.

With very rare exceptions, the liability for torts depends upon the law of the place where the wrong was done or the act committed, and the law of the forum is material only as setting a limit of policy beyond which such obligations will not be enforced.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 2; Dec. Dig. ☞2.]

9. EVIDENCE ☞80—PRESUMPTIONS—LAWS OF OTHER STATES.

While actions for torts recognized by the common law may be maintained in a different state than that in which the tort was committed, without allegation or proof of lex loci upon the presumption that it is the same as the law of the forum, no such presumption obtains where the cause of action is conferred by statute; there being no presumption that the statutes of one state correspond with those of another.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. ☞80.]

10. DEATH ☞46—ACTIONS FOR CAUSING—PLEADING—SURPLUSAGE.

In an action for death occurring in another state, an unnecessary allegation as to the law of the forum no more vitiated the pleading than any other matter which was surplusage would have done.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 60; Dec. Dig. ☞46.]

11. DEATH ☞55—ACTIONS FOR CAUSING—AMENDMENT OF PLEADINGS.

Where the complaint in an action for death failed to allege where the cause of action arose, an amendment incorporating this allegation would have been permissible before or at the trial.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 72; Dec. Dig. ☞55.]

At Law. Action by N. B. Williams, administrator of George G. Chasse, deceased, against the William B. Scaife & Sons Company. On motion to strike out the second, fourth, and fifth defenses of defendant's answer. Motion granted.

Edgar H. Loveridge, of West Hoboken, N. J., and Malcolm G. Buchanan, of Trenton, N. J., for plaintiff.

Vroom, Dickinson & Bodine, of Trenton, N. J., for defendant.

HAIGHT, District Judge. The original complaint in this matter was stricken out, because it failed to sufficiently allege the diversity of citizenship of the parties; that being the only ground upon which the jurisdiction of this court could be rested. The plaintiff was permitted to file, and has filed, an amended complaint. The action is brought by an administrator to recover damages for the death of George G. Chasse, occasioned, as it is alleged, by the bursting of a gas tank which the defendant had constructed and delivered pursuant to a contract between it and the deceased and another. The original complaint set forth that the plaintiff was given a right of action under the laws of New Jersey. The amended complaint proceeds on the theory that the cause of action is given by the laws of the state of Vermont, and sets forth the statute of that state pertaining to actions

for death caused by wrongful act or neglect. In neither complaint, however, is it alleged where the cause of action arose.

[1] The defendant's answer sets forth (and this, I understand, is the fact) that the occurrence which caused Chasse's death took place in the state of Vermont. The answer sets up several distinct defenses. The plaintiff has moved to strike out the second, fourth, and fifth of these. I determined, at the time of the oral argument, that the second defense should be stricken out, because it states a mere conclusion of law, without alleging any facts to support it.

[2] The fourth defense alleges that the defendant entered into no contract with the deceased with respect to the tank, and is not liable by reason of the bursting of the same. The plaintiff contends that this constitutes no defense because the defendant's liability does not depend upon any contractual relation, but that the duty which the defendant owed to the deceased was one imposed by law, and not by contract, although the condition out of which the duty arose was created by the contract, such a duty as is recognized in Penn. R. R. Co. v. Hummel, 167 Fed. 89, 92 C. C. A. 541 (C. C. A. 3d Cir.). See, also, Styles v. Long Co., 70 N. J. Law, 301, 57 Atl. 448.

I have found it unnecessary to determine whether the plaintiff's complaint is so framed as to permit a recovery on that theory, or whether, under the complaint, a recovery must be based upon the violation of a duty imposed by contract. Nor do I think that I should do so at this time, because this question has not been argued. The defendant can have the benefit of any want of contractual relations between the deceased and itself through the denial which it has made in its answer of the allegations of the complaint which allege the making of a contract between the deceased and the defendant. The denial of the existence of the contract by a separate defense is therefore unnecessary to preserve the defendant's rights, and serves no useful purpose. It will therefore be stricken out.

The important question centers on the fifth defense. It alleges that the amended complaint sets up a different cause of action than that of the original complaint, and, as the amended complaint was not filed within 24 calendar months of the death of Chasse, the cause of action is barred. The deceased died on May 20, 1913. The statute of Vermont, which creates a cause of action for death, provides that a suit must be commenced within 2 years from the date of the death. Section 2840, Pub. Laws of Vt. The statute of New Jersey limits the time for commencing such action to 24 calendar months after the death. Comp. Stat. N. J. vol. 2, p. 1908.

[3-5] It is the defendant's contention that the cause of action set forth in the original complaint is a different one than that set forth in the amended complaint, and that the statute of limitations as applied to such new or different cause of action treats the action as commenced when the amendment was incorporated into the pleadings, and not as begun when the action itself was commenced. Undoubtedly, if a new and different cause of action is stated in the amended complaint, the rule which the defendant invokes would apply, and, so far as the statute of limitations is concerned, it will be a bar to the

new cause of action to the same extent as if the amendment were a new and independent suit. Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983. On the other hand, if no new or different cause of action is introduced, and if the amended complaint does not set up any different set of facts as the ground for the action, the amendment will relate back to the beginning of the suit. Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. 905, 36 L. Ed. 829; Atlantic & Pacific Ry. Co. v. Laird, 164 U. S. 393, 395, 17 Sup. Ct. 120, 41 L. Ed. 485; Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 571, 576, 33 Sup. Ct. 135, 57 L. Ed.' 355, Ann. Cas, 1914B, 134.

I entertain' no doubt that an amendment such as was made was permissible under section 954 of the Revised Statutes (Comp. St. 1913, § 1591). Missouri, Kansas & Texas Ry. Co. v. Wulf, supra. Nor can there be any question that such an amendment would be permissible under section 24 of the New Jersey Practice Act of 1912, which permits, by way of amendment, "before or at the trial the statement of a new or different cause of action in the complaint." Although such an amendment would be permissible, it does not follow, when the amendment sets up a new and different cause of action, that the action shall not be treated, so far as the statute of limitations is concerned, as having been commenced when the new amendment was incorporated in the pleadings. This I think is the clear effect of Union Pacific Ry. Co. v. Wyler. The New Jersey act respecting amendments does not, I think, create a different situation. It was evidently passed for the purpose of overcoming the rule, theretofore existing in the state of New Jersey, that an amendment would not be allowed which would operate to institute an entirely new and different cause of action. Doran v. Thomsen, 79 N. J. Law, 99, 74 Atl. 267. That rule is quite distinct from that respecting the statute of limitations, before referred to.

I do not decide whether, in view of section 954 of the Revised Statutes, the New Jersey statute is applicable or not. It would seem that it is not. Erie R. Co. v. Schmidt, 225 Fed. 513, —— C. C. A. —— (C. C. A. 3d Cir.). It is very probable that the court should not, in exercising its discretion regarding amendments, permit an amendment which, because of the rule regarding limitations, would be quite nugatory when made, unless it be necessary (as I think it was in this case), in order to permit the question as to whether or not a new cause of action was stated to be placed in proper shape for a review by an appellate court. It is necessary to consider, therefore, whether the amended complaint did institute a new cause of action. If it did, the defense in question is undoubtedly valid, because the amendment was not made until the time limited by the statutes of both the lex loci and the lex fori had expired.

As respects this point, I cannot see that this case can be distinguished from Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 571, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134. In that case the action was commenced in the United States Circuit Court for the Eastern District of Texas, and was brought by the plaintiff

in an individual capacity, as a beneficiary of deceased's estate. The cause of action was rested on the laws of the state of Kansas, where the deceased was killed. Thereafter an amended petition was filed, averring that there was a cause of action both by the laws of Kansas and by the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665']), and the plaintiff also stated that she sued both in her individual capacity and as administratrix; it being necessary, under the federal Employers' Liability Act, that the action be brought in the name of the personal representative of the deceased. It was contended that the amended petition set up an entirely new and distinct cause of action, and that it could not be allowed to relate back to the commencement of the action, inasmuch as the action was barred by the limitation of 2 years before it was filed. Mr. Justice Pitney, who wrote the opinion of the court, after stating that, aside from the capacity in which the plaintiff assumed to bring her action, there was no substantial difference between the original and amended petition, said (226 U. S., at page 575, 33 Sup. Ct., at page 137, 57 L. Ed. 355, Ann. Cas. 1914B, 134):

"It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that with respect to the responsibility of interstate carriers by railroad to their employés injured in such commerce after its enactment it had the effect of superseding state laws upon the subject. Second Employers' Liability Cases, 223 U. S. 1, 53 [32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 447]. Therefore the pleader was not required to refer to the federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done."

It was held that the amendment was not equivalent to the statement of a new cause of action, and that therefore it related back to the beginning of the suit and was not barred by the statute of limitations.

[6-11] In the case sub judice the facts in both the original and amended complaints, except as to the averment of the Vermont statute, are the same. The only difference between the two complaints is that the first proceeded on the assumption that the cause of action was given by the laws of New Jersey, and the latter that the cause of action is given by the laws of Vermont. As the federal courts take judicial notice of the laws of the several states (Union Pacific Ry. Co. v. Wyler, supra, 158 U. S. 296, 15 Sup. Ct. 877, 39 L. Ed. 983), it was not necessary, if the original complaint had stated that the cause of action arose in the state of Vermont, that the laws of that state should have been pleaded (Missouri, Kansas & Texas Ry. Co. v. Wulf, supra, 226 U. S. 576, 578, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Cuba R. Co. v. Crosby, 170 Fed. 369, 384, 95 C. C. A. 539 [C. C. A. 3d Cir.]). This court would likewise be charged with knowledge that, as the cause of action alleged, being one to recover damages for the death of an individual, is given only by statute and was unknown to the common law, if the wrongful act occurred in Vermont, no redress could be given by virtue of the laws of New Jersey, except by way of enforcing the laws of Vermont. The liability, "with very rare exceptions," for torts depends upon the law of the place

where the wrong was done or act committed, and the law of the forum is material only as setting a limit of policy beyond which such obligations will not be enforced there; and while actions for torts recognized by the common law may be maintained in a different state than that in which the tort was committed, without allegation or proof of the lex loci, upon the presumption that the lex loci is the same as the lex fori, yet this presumption does not obtain where the cause of action is conferred by statute, because it cannot be presumed that the statutes of one state correspond with those of another. Cuba Ry. Co. v. Crosby, 222 U. S. 473, 32 Sup. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40. See, also, McDonald v. Mallory, 77 N. Y. 547, 33 Am. Rep. 664, where the general rule is clearly stated.

Hence the reference in the first complaint to the New Jersey statute was mere surplusage, and no more vitiated that pleading than a reference to any other matter which was surplusage would have done. What has been done in the amended complaint, therefore, is to eliminate an allegation which was mere surplusage, and to insert an allegation of which this court would take judicial notice at any rate. While the original complaint did not allege where the cause of action arose, the fact is that it did arise in Vermont, and it was urged by defendant's counsel, when the motion was made to strike out the first complaint, that it was defective because it did not set up the laws of Vermont. This fact would have developed at the trial; and an amendment, incorporating such an allegation, would have surely been permissible either before or at the trial. Therefore, for the purposes of determining the present question, it must be considered as having been incorporated in the original complaint.

Defendant refers to and relies upon the decision of the Supreme Court in Union Pacific v. Wyler, supra. The applicability is, I think, disposed of by the concluding remarks of Mr. Justice Pitney in Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 578, 33 Sup. Ct. 138, 57 L. Ed. 355, Ann. Cas. 1914B, 134:

"Since in the present case the federal statute [the Vermont statute] did not need to be pleaded, and the amended petition [complaint] set up no new facts as the ground of action, the decision in the Wyler Case is not controlling."

It therefore follows that the fifth defense must also be stricken out. The plaintiff is entitled to costs on the motion.