# UNITED STATES FOR THE BENEFIT OF HODRI-GUEZ, Plff.,

*v.*

# RAFAEL FABIAN ET AL., Dfts.

San Juan, Law, No. 1091.

LIMITATION OF SUIT ON CONTRACTOR'S BOND.

Complaint—Amendment—Contractor's Bond—Limitation of Action.

Amendments not of substance to a complaint are freely permitted, and if, in a suit on a contractor's bond, the application for a certified copy of the bond is made within the statutory period of one year, although not received within the year, the action on the bond will not be barred.

Opinion filed July 28, 1916.

*Messrs. Francis & Soto* for plaintiff.

*Mr. T. D. Mott* for defendants.

HAMILTON, Judge, delivered the following opinion:

No point is made as to the original suit being filed in the time prescribed by statute. It is now set up by demurrer, however, that the third amended complaint filed March 8, 1916, shows in paragraph VI. that "plaintiffs have obtained a certified copy of the above-mentioned contract and bond upon

NOTE.—Generally on the question of relation of new pleadings to the Statute of Limitations, see notes in 3 L.R.A.(N.S.) 259; 33 L.R.A.(N.S.) 196; and 47 L.R.A.(N.S.) 932.

which this action is brought, which certified copy of said contract and bond was furnished on August 21, 1915, by the War Department of the United States." The one-year limitation prescribed by statute expired August 13, 1915, being one year after the final settlement of the contract in question, to wit, August 13, 1914. The demurrer now interposed sets up that the third amended complaint shows on its face that procuring the certified copy of contract and bond was not until after the one-year limitation.

There is no question that amendments not of substance are freely permitted under the Federal and other statutes. In its opinion previously rendered in this case, however, the court has decided that "the right of action does not arise until the certified copy of the contract and bond has been procured." 8 Porto Rico Fed. Rep. 406. This might make the procuring of these papers a part of the cause of action, unless such furnishing can be construed as directory. Amendments setting up essential facts which did not exist at the time the original suit was brought cannot be permitted. Amendments must be limited to a fuller statement of a cause of action which existed before the bar is complete. If the amendment creates a new cause of action, it cannot be allowed after the bar is complete. Union P. R. Co. v. Wyler, 158 U. S. 293, 39 L. ed. 989, 15 Sup. Ct. Rep. 877.

The principle is that any material facts which existed at the time the suit was brought may be alleged by amendment, but that material facts which did not then exist cannot be so added. It would be making a new cause of action begun after the bar of the statute.

In the case at bar the point is not without difficulty. The third amended complaint certainly shows that plaintiffs have obtained the certified copy in question, or that the certified

United States for use of Hodriguez v. Fabian.

copy was furnished on August 21, 1915, eight days after the bar of the statute was complete. Nevertheless, the court is of the opinion that, under the facts within its judicial knowledge, the certified copy in question was procured in time. The court judicially knows that it takes more than eight days to get a paper from Washington, and if the facts in any case show that the application was made in Porto Rico within time, a delay at Washington in furnishing the paper required should not militate against the applicant. It is a fair construction of the complaint that the application was made within the statutory period. Plaintiff cannot be expected to do more. The demurrer is, therefore, overruled, and ten days allowed for answer.

It is so ordered.