## MIMS v. REID.

(Circuit Court of Appeals, Fourth Circuit. July 6, 1921.)

No. 1884.

1. **Courts ⬦347—Federal courts may follow state statutes permitting amendments.**

Both federal and state statutes, permitting amendments of pleadings, omit to cure defects and avoid dismissals on technical grounds, are highly remedial and to be liberally construed; and, while federal courts are governed primarily by the federal statutes, if a state statute provides a more liberal remedy, not negatived by the federal statutes. it should be given effect under the conformity statute (Rev. St. § 914; Comp. St. § 1537).

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
275 F.—12

**2. Courts ⊗⊃344—Federal court may allow amendment changing form of action.**

      The authority of a federal court under Rev. St. § 954 (Comp. St. § 1591), providing that the court "may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall in its discretion and by its rules prescribe" is not limited to the allowance of such amendments as do not change the form or cause of action, but it may in its discretion allow amendments under all circumstances when the ends of justice will be promoted thereby.

**3. Courts ⊗⊃344—Court held authorized to permit amendment of process to conform to declaration.**

      Under Rev. St. § 954 (Comp. St. § 1591), and also under Code Va. 1919, § 6103, a federal court *held* authorized to allow amendment of a writ in trespass on the case to conform to the declaration, which was in trespass on the case in assumpsit for breach of contract.

In Error to the District Court of the United States for the Western District of Virginia, at Harrisonburg; Henry Clay McDowell, Judge.

Action at law by John W. Mims against Legh W. Reid. Judgment for defendant, and plaintiff brings error. Reversed.

D. O. Dechert, of Harrisonburg, Va. (Wm. F. Keyser, of Luray, Va., on the brief), for plaintiff in error.

J. K. M. Norton, of Alexandria, Va., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

WOODS, Circuit Judge. The writ, executed on September 16, 1920, summoned the defendant, a citizen of Pennsylvania, to answer the plaintiff, a citizen of West Virginia, of a plea of trespass on the case. The declaration was for trespass on the case in assumpsit, setting out first the common counts in assumpsit and then specially a contract by defendant to pay plaintiff reasonable compensation for his services in procuring a purchaser for a tract of land, the procuring of the purchaser at the price of $100,000, and debt of the defendant to the plaintiff of $10,000 as reasonable compensation. The action was commenced in Page county, Va., and removed to the District Court for the Western District of Virginia.

[1] The defendant prayed and was granted oyer of the writ. Whereupon he demurred to the writ, on the ground that the writ is in tort and the declaration for breach of contract. The plaintiff moved to amend the writ to conform to the declaration. The motion to amend was refused, the demurrer was sustained, and the action dismissed "for want of jurisdiction of the person of the defendant."

In connection with the Conformity Statute, R. S. § 914 (Comp. St. § 1537), the following statutes of the United States and of the state of Virginia are to be considered:

Section 954, U. S. R. S., Act of 1789 (Comp. St. § 1591), provides:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in, any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause

⊗⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe."

The act of 1872 (R. S. 948 [Comp. St. § 1580]) is of similar import:

"Any circuit or district court may at any time, in its discretion, and upon such terms as it may deem just, allow an amendment of any process returnable to or before it, where the defect has not prejudiced, and the amendment will not injure the party against whom such process issues."

By section 6103 of Virginia Code 1919, it is provided:

"A defendant, on whom a valid process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless the same be pleaded in abatement. And in every such case the court may permit the writ or declaration to be amended so as to correct the variance, and permit the return to be amended upon such terms as to it shall seem just. If the process be not a valid process, the suit or action shall be dismissed upon motion of the defendant who may appear specially for that purpose."

If the federal and state statutes cover the same ground, the federal statutes control. But the federal statutes as well as the state statute are highly remedial, and intended to do away with the persistent evil of dismissal of actions for errors of pleading and practice. All such statutes should be liberally construed. Parks v. Turner, 12 How. 39, 13 L. Ed. 883. Therefore, if the state practice is less liberal in allowing amendments, the federal courts will, of course, follow the federal statute. Mexican Con. R. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715. Conversely, if the state statute provides a remedy for an evil of this sort, not expressly or impliedly provided, but not negatived by the federal statute, the remedy of the state statute should have force in the federal courts, according to the conformity statute. West v. Smith, 101 U. S. 263, 265, 25 L. Ed. 809; Stone v. Speare (C. C.) 175 Fed. 584; Henderson v. L. & N. R., 123 U. S. 61, 8 Sup. Ct. 60, 31 L. Ed. 92; Fitzpatrick v. Flannagan, 106 U. S. 648, 1 Sup. Ct. 369, 27 L. Ed. 211; Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858. For example, the federal statutes do not go to the length of expressly providing that a change may be made in the form of the action from contract to tort or from trespass to debt, or that the plaintiff may set up a new cause of action by amendment. But if a statute—as for instance, the statute of Maryland—provides that an amendment in furtherance of justice may be allowed to the extent of changing a writ from one form of action to another, the state statute would be enforced as in no way inconsistent with the federal statutes.

[2] We think, however, the federal statutes themselves are amply broad to allow amendment of the writ to correct the variance without resort to the state statute. The test, we venture to think, under the federal statutes, should not be whether the amendment will introduce an additional cause of action, or substitute a new cause of action, or convert an action from tort to contract or from contract to tort. It is

true there are a number of federal cases stating these to be tests, but we find no express adjudication of the Supreme Court to that effect, except Shields v. Barrow, 17 How. 129, 144 (1854) 15 L. Ed. 158. In the later case of Tilton v. Cofield, 93 U. S. 163, 166 (1876) 23 L. Ed. 858, the court says:

"This subject was fully examined in Tiernan's Executors v. Woodruff, 5 McLean, 135. It is there shown that both in the English and American courts amendments have been allowed, in well-considered cases, for the purpose of introducing into the suit a new and independent cause of action." Oliver v. Raymond (C. C.) 108 Fed. 927; Williams v. Wm. B. Scaife & Sons (D. C.) 227 Fed. 922.

The sole controlling test should be whether the ends of justice will be promoted by the amendment—that is, whether the allowance of the amendment will substantially promote the right of the parties to a fair and expeditious trial of the cause, or seriously impair that right. No question of practice or procedure can extend beyond that. Limiting the discretion of the court to cases where the amendment does not in a technical sense change the cause of action or introduce a new cause of action would often defeat the ends of justice. For example, the plaintiff may, in good faith, believe that the conduct of the defendant in a particular matter was a tort when it was in reality a breach of implied or express contract. His mistake as to the facts or the law should not have the effect of casting him out of court, unless the rights of the defendant can be preserved in no other way. Of course, the substitution by amendment of a new cause of action should not affect the right of the defendant to interpose the statute of limitations, or any other defense, as if a new action had been commenced. Union Pac. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983.

This discretion to allow amendments under all circumstances when the ends of justice will be promoted by facilitating adjudication of the rights of the parties without unnecessary costs is incidental to judicial power. Neither federal nor state statutes create it. The statutes merely declare the power and enjoin the courts to use it. In fact, the supposed reluctance of the courts to break away from the old technicalities and exercise fully their inherent judicial power of amendment has led to the enactment of many statutes, enjoining upon them the freer exercise of their power. Progress of judicial conception in this direction is illustrated by Equity Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), providing that a suit brought in equity which should have been brought as an action at law becomes an action at law by a mere transfer to the law side, with such alterations of the pleadings as shall be essential.

The rule of justice which many courts have reached, and to which all are tending, is that when one man has brought another into court in good faith, seeking adjudication of their controversy concerning a particular transaction or subject—"the object of the plaintiff in bringing the suit" (West v. Smith, 101 U. S. 266, 25 L. Ed. 809)—he will not be turned out against his will, if the court has the power to keep him in, without adjudication of the merits of the controversy. This does not mean that the plaintiff may, by amendment, bring in a new subject of controversy independent of and unrelated to the subject

originally set out. The distinction is nowhere better stated than by the Virginia court in New River Mineral Co. v. Painter, 100 Va. 507, 42 S. E. 300:

"The rule generally prevailing seems to be that such amendments will be permitted as have for their object the trial and determination of the subject-matter of the controversy upon which the action was originally based, but amendments will not be allowed which bring into the case a new and substantive cause of action different from that declared on, and different from that which plaintiff intended to assert when he instituted his action. If the plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement or obligation, however great may be the difference in the form of liability as contained in the amended from that stated in the original declaration, it will not be regarded as for a new cause of action. In such cases, the original and amended declarations and the count or counts in each, are regarded as variations in the form of liability to meet the possible scope and varying phases of the testimony, which is one of the very objects and purposes of adding several counts, and of making amendments to a declaration."

The same distinction is made in Taylor v. Atlantic C. L. R., 81 S. C. 574, 62 S. E. 1113. Pleadings, writs, verdicts, judgments—all judicial documents and proceedings—should be changed by amendment or substitution after notice and on proper terms to correspond to the facts, unless the amendment or substitution will deprive the defendant of a substantial defense or introduce an independent and unrelated controversy.

For these reasons it is evident that the variance between the writ and declaration, due to the failure to write in the writ after the words "trespass on the case" the words "in assumpsit," should be corrected by amendment of the writ.

The objection is made that the defendant suffers hardship in being required to answer a declaration in assumpsit when he is notified to meet an action in tort. In its practical aspect the objection is technical. The writ, whether in trespass on the case or in assumpsit, gives the defendant no information as to which one of the numerous kinds of tort he is charged with, or what kind of breach of contract is alleged against him. The writ brings the defendant into court, but it gives no idea of the case he is to meet. He prepares his defense entirely on the allegations of the declaration. There seems to be no reason why the summons or writ commencing an action should not be the same in all cases.

[3] Even if the power to amend the writ in this case were not inherent in the judicial office and not within the contemplation of the federal statutes, the Virginia statute in express terms confers the power. There can be no doubt that the writ was a valid process, for it was perfect in form and duly served. The statute enacts that for "any variance in the writ from the declaration" there is only one remedy for the defendant, the plea of abatement; and it seems to express the general practice on the subject. Chirac v. Reinicker, 11 Wheat. 280, 302; 21 R. C. L. 1323; Lane v. Bauserman, 103 Va. 146, 48 S. E. 857, 106 Am. St. Rep. 872; Snyder v. Philadelphia Co., 54 W. Va. 149, 46 S. E. 366, 63 L. R. A. 896, 102 Am. St. Rep. 941, 1 Ann. Cas. 225.

The statute provides that in every such case of variance of the writ from the declaration the court may permit the writ or declaration to be amended upon such terms as to it shall seem just. The court has no authority to interpolate into the statute the limitation that the writ cannot be amended when the variance is substantial or vital. If the variance is not substantial, no amendment is necessary. The court had acquired jurisdiction by service of a valid writ, and had full authority under its inherent power, as expressed in both federal and state statutes, to amend the writ to conform to the declaration.

Reversed. ·