### MATY v. GRASSELLI CHEMICAL CO.[*]

No. 6224.

Circuit Court of Appeals, Third Circuit.

April 2, 1937.

*Rehearing denied June 7, 1937.

certain substances which injured his lungs. It was shown by the evidence that sometime in the year 1932 the plaintiff was transferred to the phosphate department. The action based upon negligence in the silicate department was therefore outlawed by the New Jersey two-year limitation period.

Mario Turtur, of Elizabeth, N. J., and Francis Shunk Brown, of Philadelphia, Pa., for appellant.

Katzenbach, Gildea & Rudner, of Trenton, N. J. (Carl E. Geuther, of Philadelphia, Pa., Louis Rudner, of Trenton, N. J., and Abel Klaw, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey. The plaintiff, the appellant herein, brought suit and recovered a verdict for injuries alleged to have been sustained by him while employed in the chemical factory of the defendant. Upon argument on a motion to set aside the verdict, the parties agreed, in accordance with the court's suggestion, that, if the court ruled against the plaintiff, judgment should be entered for the defendant so as to avoid the necessity for a new trial. The learned trial judge thereupon reviewed the evidence, concluded that the plaintiff had failed to prove knowledge on the part of the defendant, and, relying upon our ruling in Pennsylvania Pulverizing Co. v. Butler (C. C.A.) 61 F.(2d) 311, entered judgment for the defendant.

We do not deem it necessary to review the evidence as to the knowledge of the defendant in view of our conclusion that a verdict should have been directed for the defendant because of the two-year statute of limitations (3 Comp.St.N.J. 1910, p. 3164, § 3). The original bill of complaint was filed October 1, 1935. The plaintiff alleged therein that he was employed as a furnace man in the silicate department of the defendant's plant, that the defendant failed to provide him with a safe place to work, adequate safety standards, and proper ventilation, and that as a result the plaintiff was forced to inhale

At the trial the plaintiff undertook to prove that his injuries were sustained through the negligence of the defendant in the conduct of its phosphate department and obtained leave of court to amend his original bill of complaint so as to conform to the evidence so produced. We think the court should have refused to allow the amendment. The cause of action set forth in the amendment was a different cause of action from that set forth in the original complaint and, therefore, could not be introduced after the statute of limitations had run. In Union Pacific Railway v. Wyler, 158 U.S. 285, 296, 15 S. Ct. 877, 882, 39 L.Ed. 983, the Supreme Court said:

"The general rule is that an amendment relates back to the time of the filing of the original petition, so that the running of the statute of limitations against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is that, as the running of the statute is interrupted, by the suit and summons, so far as the cause of action then propounded is concerned, it interrupts as to all matters subsequently alleged by way of amendment, which are part thereof. But where the cause of action relied upon in an amendment is different from that originally asserted, the reason of the rule ceases to exist, and hence the rule itself no longer applies."

The negligence alleged in the amendment involved a different act, different buildings, departments, conditions, and dates of exposure. Whether the trial court erred in its conclusion that there was insufficient knowledge on the part of the defendant to charge it with negligence is immaterial inasmuch as the defendant was entitled to have a directed verdict in its favor upon the issue of the statute of limitations.

The judgment of the District Court is therefore affirmed.